STEPHEN D. HEARD, plaintiff in error, *vs.* JOSIAH SIBLEY, defendant in error.

1. The provisions of the Code, sections 3370 to 3376, authorizing executions to issue, under certain circumstances, as against stockholders in corporations when, by law, such stockholders are personally liable for the debts, or a portion of the debts, of the corporation, may be resorted to in all cases where the stockholders are personally liable under the charter, unless some specific and exclusive mode is otherwise provided by the charter.

2. As the execution provided for is, in effect, only a mode of suit, the stockholder, unless the charter otherwise provides, may set up in his illegality any defense that he might make to the merits in a suit brought against him in the ordinary way, and he is not concluded by the judgment against the corporation upon any issue material to his defense.

3. In a proceeding of this character, where an execution issues in the first instance, and the defendant sets up his defense by affidavit of illegality, the defendant has all the rights and privileges as to pleas and amendments that he would have in ordinary suits on contracts.

Corporations. Stockholders. Illegality. Before JOSEPH P. CARR, Esq., Judge *pro hac vice.* Richmond Superior Court. April Adjourned Term, 1873.

Heard recovered a judgment against the Mechanics' Bank, of which Sibley was a stockholder. Within the time required, after the institution of the suit, notice was given in the Chronicle and Sentinel, a gazette published in Augusta,

Heard vs. Sibley.

in conformity to section 3371 of the Code. Upon the judgment against the bank an execution was issued, and there was a return of "no property to be found." Application was made to the president of the bank for a list of the stockholders, with the number of their shares, as required by statute, which was furnished; and further application was made to the clerk for executions against them for the amount of their liability. A *fi. fa.* was issued against defendant and levied. He filed an affidavit of illegality upon the following grounds:

1st. There is no judgment in favor of the plaintiff against him, nor was he a party to the judgment on which said *fi. fa.* issued.

2d. That said *fi. fa.* issued illegally, because, by the charter of the Mechanics' Bank, the stockholders thereof are only made liable for the debts of said bank, as in common commercial cases, or simple actions of debt, and in no other manner.

On the trial, counsel for plaintiff moved to dismiss said affidavit of illegality, on the ground that defendant in execution had had his day in court, and could not go behind the judgment upon which said execution had issued, it being admitted by both parties that there was a judgment in favor of plaintiff against the bank, and execution issued thereon, upon which there had been a return of "no property to be found;" that there had been a publication in conformity with the aforesaid 3371st section of the Code; that said defendant was a stockholder in said bank, and that the execution was issued under the 3372d section of the Code for his proportionate share of the judgment debt, and had been levied upon defendant's property. The motion was overruled and plaintiff excepted.

The court sustained the affidavit of illegality upon both grounds taken, and plaintiff excepted.

Twiggs & Wright; J. C. C. Black, for plaintiff in error.

W. H. Hull, for defendant.

McCay, Judge.

1. There is nothing in the language of the charter of the bank which issued the bills on which the defendant's liability is claimed to arise, which points out any special mode or exclusive mode of suit against the stockholders. The language used plainly has reference to the character of the liability, and not to the mode of enforcing it. The language of the Code, section 3370, is broad, and by its terms clearly covers the case of this bank. It has nothing in it changing any right of anybody under the contract. It only provides a new remedy, perhaps a more speedy and effective one than existed before. But we believe it is universally admitted, that whilst the leglature may be restricted somewhat as to what remedies it shall take away, nobody has thought there was any restriction on their right to change the remedy by making it more effective.

2, 3. We think a fair construction of these sections of the Code, 3370, 3376, is that the proceeding therein provided for against the stockholders is only a mode of suit. Section 3371, providing for the notice, said, it shall operate as notice, not of the suit against the corporation, but "for the purposes hereafter mentioned." Those purposes are to get the names of the stockholders to authorize the issue of an execution against each one, for his part, and to *authorize* a defense of the suit by any stockholder if the president fails or refuses. The only point on which any serious difficulty arises is in section 3375. Do the words, "affidavit of illegality" there mean the affidavit of illegality authorized by section 3664 to executions issued on ordinary judgments? We think not. The cases are wholly dissimilar. The defendant in the ordinary execution has had his day in court by regular, personal service, and copy of the writ. In the cases provided for in the section under discussion, the notice is in a newspaper, after commencement of the suit, and the party had even no right to defend, unless his principal fails or refuses. We think the kind of illegality referred to is the illegality authorized in personal

Heard *vs.* Sibley.

property mortgage executions, steamboat lien executions, and all that class of cases of which we now have so many, where an execution is only a mode of commencing a suit, and the defendant making the affidavit has all the rights on the trial as an ordinary defendant. He may plead, amend, and set up his rights in full, and is not bound as to any of his personal rights by the judgment against the corporation any more than he would have been had such a judgment been granted in the ordinary way against the bank, a return of no property been made on it, and then an ordinary suit brought against him, on his charter liability as security for the ultimate redemption of the bills.

Judgment reversed.