Stone *et al. vs.* Davidson.

CHARLES R. STONE *et al.*, executors, plaintiffs in error, *vs.* JOHN S. DAVIDSON, assignee, defendant in error.

1. Suit against a bank and notice by publication to the stockholders, under sections 3371-2-3, of the Code, in 1866, with judgment and execution and return of " *nulla bona* " against the bank, and execution thereupon in June, 1869, against a stockholder, with return of " *nulla bona*" in July, 1869, will prevent the bar of the statute of limitations of 1869 from attaching. The suit against the stockholder began not later, at least, than the issue of the execution against him, though no levy was made upon his property until June, 1870.

2. The fact of notice by publication under section 3371, need not appear of record; nor need it appear of record that the president of the company furnished a certificate of the stockholders, and the number of shares owned by each at the time the judgment was rendered against the corporation, under section 3373. It is enough that these facts exist; if they do not exist, and the *fi. fa.* is for too much or otherwise illegal, the remedy of the defendant is by affidavit of illegality.

Banks.  Stockholders.  Statute of limitations.  Illegality. Before JOSEPH B. CUMMING, Esq., judge *pro hac vice.* Richmond County.  At Chambers, July 23d, 1875.

Reported in the opinion.

WILLIAM T. GOULD; FRANK H. MILLER; W. H. HULL, for plaintiffs in error.

J. C. C. BLACK; H. D. D. TWIGGS, for defendant.

JACKSON, Judge.

The plaintiff, Davidson, as assignee, held a judgment against the Mechanics Bank rendered in 1867.  On this judgment, execution issued against Metcalf, as one of the stockholders of the bank, on the 16th of June, 1869.  A return of *nulla bona* was made upon this execution, on the 13th of July, 1869, and a levy was made on the 8th of August, 1870. Affidavit of illegality was made on the ground, mainly, that the levy of this *fi. fa.* was the commencement of the suit against Metcalf; that this levy bore date after the 1st of January, 1870; that the debt was contracted, it being the issue of bank bills, before the 1st of June, 1865, and that therefore the statute of limitations of 1869 barred the right of action against Metcalf.  The court below held that Metcalf's estate was not protected by the bar of that statute, and error is assigned thereon.

The execution against Metcalf, a stockholder of the bank, was issued by authority of section 3372 of the Code, which provides that it may be done after judgment against the bank, if notice by publication had been given one month after the

suit was commenced against the bank, according to section 3371, and a return of *nulla bona* made on the *fi. fa.* against the bank. . The first question is, whether this notice by publication provided for in section 3371 of the Code, is the beginning of suit against the stockholder ?

1. That section declares that publication under it shall operate as notice to each stockholder, *"for the purposes hereinafter mentioned."* What are these purposes? The next section declares that when this notice is thus given, execution shall first be issued against the coporation, and upon a return of no property, then the clerk shall issue execution against the stockholder on the application of the plaintiff or his attorney, for his ratable part of the debt ; and to assertain that ratable part, it is made, by the next section, 3373, the duty of the president of the corporate body to furnish a list of stockholders and the number of shares owned by each under certain penalties therein imposed, upon the president. The next section, 3374, provides that any stockholder may defend, if he wishes, and if the president shall refuse or fail to do so. By the next section, 3375, the defendant or defendants are allowed the remedy of affidavit of illegality as in other cases. It may well be doubted whether it was not the intention of the law-making power, by these statutes, to make this publication the beginning of the suit against every stockholder. It is within the power of the general assembly to prescribe what sort of service these defendants shall receive to bring them into court and to bind them. It is by these sections of the Code enacted, that the publication shall so operate upon them that such a judgment may be rendered as shall authorize the issue of execution against them individually to the extent of their stock. It is further enacted that they can come in and defend. A snap judgment is thus provided against. In *Heard vs. Sibley,* however, this court has reasoned to the effect that the issue of the execution, and not this notice by publication is the beginning of a sort of new suit against the stockholder, and we will not interfere with that ruling or *dictum.* Indeed, this case does not require us to decide that point. The

execution was issued here before the 1st of January, 1870, and a return made thereon. We know of no law requiring that execution to be levied within a certain time, at least, within a period less than seven years from the judgment, to keep it operative. The execution was alive, active, operative, before the bar of the statute of 1869 attached, and we hold that suit was commenced against him, under these acts, not later than the date that the *fi. fa.* issued against him individually. And this is in accordance with the ruling, or at least the reasoning in *Heard vs. Sibley*, 52 *Georgia Reports*, 310. Nor is the answer that there can be no notice without levy, conclusive. There may be a levy without notice, and the notice by publication, one month after the bank was sued, should have kept the stockholder on the alert, as on that judgment execution might issue against him. At all events, the *dictum* in *Heard vs. Sibley* is that the execution is a mode of commencing the suit, and we shall follow that in this case.

2. It was further objected that there is no record evidence of the fact of the notice by publication, nor of the amount of Metcalf's stock, and the other stock, so as to fix his *pro rata* liability on the *fi. fa.* against him. The statute does not require record evidence of the notice by publication; if the notice was not given, the judgment does not bind this defendant, and he can take advantage of it by affidavit of illegality. In this case it is admitted that the publication was made, and notice thus given. We are not at liberty to enlarge the statute, and require record evidence of the fact. Nor does the statute require that the record shall show the stockholders and their shares so as to afford record evidence that the execution against the stockholder is for the right amount. On the contrary, section 3373 makes it the duty of the president of the corporation to give the information of the number of stockholders and the shares of each to the attorney of the plaintiff, and that information in the shape of a certificate, under oath, and upon this certificate the clerk of the court is to issue the execution against the stockholder. If this has not been done, the remedy is by illegality. On the whole, we see no error in

the decision of the court below overruling the illegality, and we affirm the judgment.

Judgment affirmed.