MARTIN et al. v. BENNETT, Superintendent of Banks.

(District Court, N. D. Georgia. June 25, 1923.)

No. 231.

1. **Constitutional law** ⊙=12—**Fifth Amendment a limitation only on federal powers.**

The Fifth Amendment to the Federal Constitution is a limitation on the powers of the federal government and its officers only, and does not limit the powers of the state or state officers.

2. **Banks and banking** ⊙=63—**Constitutional law** ⊙=318—**Statute making assessments on stockholders of insolvent bank conclusive as to amount held not unconstitutional.**

The provision of Act Ga. Aug. 16, 1919, art. 7, § 20 (Acts Ga. 1919, p. 135), making the estimate of the superintendent of banks of the amount collectible within a year from the assets of an insolvent bank and the amount of the assessment against stockholders based thereon conclusive, for the purpose of enforcement of the assessments, does not render the act unconstitutional as depriving stockholders of their property without due process of law, in view of the further provision that any surplus after paying debts of the bank shall be applied to reimbursement of stockholders who have paid assessments.

3. **Banks and banking** ⊙=63—**Statute providing for assessments against stockholders of insolvent bank held valid.**

Nor is such statute invalid because, while it gives the stockholder assessed, after issuance of execution against him by the superintendent, "the right by affidavit of illegality, as in case of affidavits of illegality to other executions, to contest his liability for such assessment," it does not designate any court to which the affidavit shall be returnable, that court being, by the plain intent of the statute, the superior court of the county in which he resides, and where under Const. Ga. art. 6, § 16, civil cases against him, with specified exceptions, are required to be brought.

4. **Constitutional law** ⊙=48—**Unconstitutionality must be clear beyond reasonable doubt.**

A statute is not to be declared unconstitutional unless it is so beyond reasonable doubt, or where it can be given a construction which will sustain it.

In Equity. Suit by Wilson W. Martin and others against T. R. Bennett, Superintendent of Banks of the State of Georgia. On motion by complainants for interlocutory injunction. Denied.

Wm. E. Simmons, of Lawrenceville, Ga., for complainants.

Geo. M. Napier, Atty. Gen., of Georgia, O. A. Nix, of Lawrenceville, Ga., and Seward M. Smith, Asst. Atty. Gen., of Georgia, for defendant.

Before BRYAN and KING, Circuit Judges, and SIBLEY, District Judge.

KING, Circuit Judge. The complainants in the above-stated case are stockholders of the Bank of Lawrenceville, a banking corporation of the state of Georgia. They aver that the Bank of Lawrenceville was in process of liquidation by the superintendent of banks of the state of Georgia; he had taken possession of the assets and business

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of said bank, and was engaged in liquidating the same as provided by an act of the Legislature of Georgia approved August 16, 1919. Acts Ga. 1919, p. 135.

Pursuant to article 7, § 20, of said act, said superintendent of banks had notified the stockholders that he assessed each of them, upon their stock therein, $100 per share, and that, if the said assessment was not paid within 30 days thereafter, execution would be issued against each as provided in said article 7, § 20. Said section is as follows:

"*Assessment of Stockholders.*—Within ninety (90) days after the superintendent of banks has taken possession of the assets and business of any bank, as in this act authorized, he shall make a careful estimate of the value of the cash assets of said bank which can probably be converted into cash within one year after so taking possession of the assets and business of said bank, and of the amount of such cash assets which will be available to pay depositors; and he shall immediately thereupon make an ·assessment upon the stockholders of said bank sufficient, when added to the cash assets so available for depositors, to pay the said depositors in full; provided that such assessment shall not exceed the liability of stockholders upon their said stock. 'Notice of such assessment shall be given by mail to each of the stockholders of said bank, and if any stockholder so notified shall refuse or neglect to pay any such assessment within thirty (30) days after the levy of such assessment and notice thereof, the superintendent of banks' shall issue an execution against such stockholder for the amount of such assessment, which shall be enforced in˙like manner as executions issued by the superior courts of this state upon judgments regularly rendered by said courts; provided, however, that any stockholder shall have the right by affidavit of illegality, as in cases of affidavits of illegality to other executions, to contest his liability for such assessment, but not the correctness of the estimate made by such superintendent or the amount of such assessment, which estimate and the amount of such assessment shall be final and conclusive upon the stockholders. If at any time prior to the final payment of all the indebtedness of such bank, it shall appear to the superintendent˙ that the assessment made by him is insufficient in amount to pay such depositors in full, said superintendent may from time to time make other assessments not in excess of the liability of the stockholders upon their stock which shall be enforced and collected in like manner.

"After all the indebtedness of such bank is paid in ˚full, the remaining assets of such bank shall be applied first to reimbursing the stockholders who have paid such assessment or assessments and thereafter pro rata to all the stockholders."

The complainants insist that so much of said section as provides that any "stockholder shall have the right by affidavit of illegality, as in cases of affidavits of illegality to other executions, to contest his liability for such assessment, but not the correctness of the estimate made by such superintendent or the amount of such assessment, which estimate and the amount of such assessment shall be final and conclusive upon the stockholders," is violative of the due process clauses of the Constitution of the United States, Amendments 5 and 14. The grounds of·such alleged unconstitutionality are that the provision making such assessment final and conclusive, and not allowing the same to be attacked by said stockholders, denies to such stockholders due process of law; further, that the purported remedy by affidavit of illegality is in effect no remedy, in that the execution authorized to be issued is not issued from any court, but by the superintendent of banks, is not returnable to any court, that the statute does not provide

any court to which the affidavit of illegality is to be returned, and that the superintendent of banks, not being a judicial officer, no trial could be had.

It is further insisted that many of said stockholders are depositors in said bank, and have a right to set off their claims as depositors against the amounts which they may owe upon their liability as stockholders. It is also averred that an assessment of 20 per cent. has been made heretofore by the superintendent of banks and paid, and that therefore said stockholders are not liable to pay again said 20 per cent.

The answer of the superintendent of banks denies that any assessment has been made heretofore by him upon the liability of the shareholders, but alleges that such 20 per cent. was a voluntary contribution made by the shareholders to the bank in order to enable it to continue its operations, which it did for over a year thereafter. Otherwise, the answer substantially admits the allegations of fact, but denies the unconstitutionality of said statute and the right of complainants to set off their claims as depositors.

[1] So far as Amendment 5 of the Constitution of the United States is concerned, the same may be dismissed from consideration. Such amendment is only a limitation upon the powers of the federal government and its officers, and does not limit the powers of the state or state officers. Hunter v. Pittsburgh, 207 U. S. 161, 176, 28 Sup. Ct. 40, 52 L. Ed. 151; Lloyd v. Dollison, 194 U. S. 445, 447, 24 Sup. Ct. 703, 48 L. Ed. 1062.

The claim of a right to set off any amount due any shareholder as a depositor constitutes no ground for attack on section 20 of said act, as, if such right exists, nothing in said section 20 prevents the same from being set up by the affidavit of illegality authorized.

The same may also be said as to the claim that 20 per cent. of the liability of the shareholders has been paid. As no proof in support of the claim has been offered, the averment of the answer denying the making of such assessment would control on this hearing. Such a claim, however, does not attack the estimate, or the assessment by the superintendent, of 100 per cent. of what the shareholder owes on his liability, but is in effect a claim that 20 per cent. thereof has been already paid, even if it should be assumed that the payment of 20 per cent. made in this case was a proper credit on his liability, and such payment could be asserted in the affidavit of illegality allowed.

[2] The only substantial questions, therefore, are whether said section 20 of article 7 of said act denies due process of law under the Fourteenth Amendment of the Constitution of the United States, because of the conclusive effect given by such section to the estimate of the superintendent of banks and of the amount of his assessments.

It will be noted that said section 20 is a provision for the payment to the depositors of said bank. Two funds exist for such payment—one, the assets of said bank which can be converted into cash; the other, the individual liability of the shareholders. This section provides that the superintendent of banks, who is a statutory receiver and who is in possession as such, shall make a careful estimate of the value of the cash assets of such bank which can probably be convert-

ed into cash within one year and of the amount thereof available to pay depositors. He shall, after making such estimate, immediately make an assessment upon the shareholders for a sufficient additional amount to pay said depositors in full, provided that such assessment shall not exceed the liability of the stockholders upon their said stock. It is then provided that, after the indebtedness of such bank is paid in full, the remaining assets of such bank shall be applied first to reimbursing the stockholders who have paid such assessment, and that the assets remaining after such reimbursements shall then be distributed pro rata to the stockholders. The action of the superintendent of banks does not condemn the stockholder to finally lose the amount of the assessment, but only so much thereof as may not be reimbursed to him after the actual collection of all assets and the payment of all debts shall have demonstrated what such ultimate and final liability is. Studebaker v. Perry, 184 U. S. 258, 262, 22 Sup. Ct. 463, 46 L. Ed. 528.

There is no provision of law which provides that the stockholder may not by a proper legal proceeding secure a judicial ascertainment of the amount which the bank may owe, if for any sufficient reason he thinks that amounts not in fact owed by the bank are being allowed as debts by the superintendent of banks, but only that he may not interrupt, or prevent, the payment of the fund due from him as a stockholder into the hands of the superintendent of banks by reason of any attack upon that officer's estimate of debts or assets and of the amount of assessment deemed by him to be necessary, so as to delay the payment of such assessment. He is not debarred from setting up any defense which, conceding that the estimate of the debts and assets of the bank is correct, and that such an assessment is necessary to meet such debts, would indicate that he was not liable for such assessment.

Here there is committed to the superintendent of banks, who is administering the assets of the liquidating bank and paying its depositors, the discretion of determining what part of this fund applicable to the payment of depositors should be collected by him, in order that he may properly discharge his trust. Such payment to him does not adjudge that such sum will be ultimately needed for such purpose, and provision is made for the return of all parts thereof not so needed. Neither does it adjudge that the debt due to the depositors is any fixed amount. That, if contested, may be properly ascertained. It simply provides that the action of the officer in ascertaining the amount probably needed from the stockholders shall not be questioned by the stockholder, in asserting any defense he may have showing that he is not liable to be assessed.

If the action of the superintendent of banks in making such assessment was fraudulent, it could be attacked by proper proceedings in equity. Moss v. Whitzel (C. C.) 108 Fed. 579. But where an assessment is made bona fide by the superintendent of banks, in the exercise of a discretion committed to him by law, his action is conclusive.

This provision of the Banking Law of Georgia is very similar to the provisions of the National Banking Act of the United States (13 Stat. 99). There, under the conditions stated in the National Banking Act, the Comptroller of the Currency may take possession of a national bank. He may appoint a receiver. He may make an estimate of the amount needed to be assessed against shareholders of such bank under the double liability clause of the National Banking Act. Upon proceedings instituted by the receiver to collect such assessment, the action of the Comptroller in fixing the amount thereof is conclusive. This point was decided many years ago in the case of Kennedy v. Gibson et al., 8 Wall. 498, 505, 19 L. Ed. 476. The Supreme Court of the United States, speaking of the power of the Comptroller of the Currency, says:

"It is for the Comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and, if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue."

This decision has been frequently quoted with approval. Casey v. Galli, 94 U. S. 673, 677, 24 L. Ed. 168. This construction of the National Banking Act has been held by the Supreme Court of the United States now to be so firmly settled as to be unworthy of further consideration. Bushnell v. Leland, 164 U. S. 684, 686, 17 Sup. Ct. 209, 41 L. Ed. 598.

We do not, therefore, think that the act of 1919 was open to the objection of unconstitutionality because, in resisting by affidavit of illegality an execution issued by the superintendent of banks to collect an assessment made, the determination of the necessity for the estimate and its amount cannot be drawn in question, especially in the light of the provision for reimbursement of the shareholder assessed from the assets of the bank, before any distribution of assets to stockholders is made upon their stock.

[3] Considering the attack made upon the act, in that it does not provide any remedy for resisting the execution to be issued by the superintendent of banks, it is claimed that no court is provided to which the affidavit of illegality authorized can be returned. We are unable to agree with complainants. An act of the Legislature is not to be held unconstitutional unless it is so beyond a reasonable doubt. Nicol v. Ames, 173 U. S. 509, 515, 19 Sup. Ct. 522, 43 L. Ed. 786. If a construction of the act can be given which will render it constitutional, such construction will be given, unless clearly inadmissible. United States v. Delaware & Hudson Co., 213 U. S. 366, 407, 29 Sup. Ct. 527, 53 L. Ed. 836.

The issuance of executions by officers as a means of instituting proceedings, with a provision that the defendant therein may interpose an affidavit of illegality or similar defense, is quite familiar to the jurisprudence of Georgia. It is one method of instituting certain kinds of suits. Heard v. Sibley, 52 Ga. 310; Stone v. Davidson, 56 Ga. 182; Wheatley v. Glover, 125 Ga. 710, 54 S. E. 626. While the de-

cision rendered by the majority of the Supreme Court as then constituted in the case of Bennett v. Wheatley may not be of controlling authority, in view of the subsequent rehearing granted therein and affirmance of the decision below, which was against the constitutionality of this section of said act, by operation of law because of the equal division of the court, yet the very learned opinion of Mr. Justice Hines of that court is to us quite persuasive. Bennett v. Wheatley, 154 Ga. 591, 115 S. E. 83, 87, 88.

The present case is not at all like the case of Webb v. Newsom, 138 Ga. 342, 75 S. E. 106. There an affidavit of illegality was tendered to an execution issued by the comptroller general against the tax collector of Brooks county and the sureties on his bond. No provision of law existed, as was held in that case, for the making of an affidavit of illegality as against said execution, and the court held that the remedy of the tax collector and his sureties was by a bill in equity. In the present case, there is an express provision for the stockholder defending by affidavit of illegality. The act prescribes that the executions are to be "enforced in like manner as executions issued by the superior courts of this state upon judgments regularly rendered by said courts." If a judgment was rendered by a superior court of this state against a stockholder, it would be by the superior court of the residence of such stockholder. When, therefore, this act of the Legislature provides that the stockholder has "the right by affidavit of illegality as in cases of affidavits of illegality to other executions to contest his liability for such assessment," it would seem that, as an affidavit of illegality filed by him to an execution issued by the superior court upon a judgment rendered against him would be returned to the superior court of the county of his residence rendering such judgment, the act itself indicates that the affidavit of illegality is to be returned to the superior court of the county of the stockholder's residence. This is fortified by the provision of the Constitution of the state of Georgia requiring that all civil cases, with certain specified exceptions, shall be tried in the county where the defendant resides. Const. Ga. art. 6, § 16, par. 6; Civil Code 1910, § 6543.

[4] As no act of the Legislature is to be declared unconstitutional unless such unconstitutionality is clear beyond reasonable doubt, or where a construction sustaining it can be legally made, and in view of the majority opinion rendered in the case of Bennett v. Wheatley, supra, we conclude that we should not hold this act of the Georgia Legislature unconstitutional for either of the reasons above discussed.

An order, therefore, will be entered, denying the interlocutory injunction sought.