### Scott *v.* Brown.

Evans, J.  1. In a suit upon a promissory note, alleged to be due and unpaid, where the defendant admitted its execution and that the plaintiff was the holder thereof, it is not cause for a new trial that the court charged the jury that "if he does not overcome the allegations in the petition, the plaintiff would be entitled to recover the face of the note," together with interest and attorney's fees, instead of instructing the jury that the plaintiff was entitled to recover unless the defendant proved his plea of payment.

2. A charge that "By preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while it may not be sufficient to convince the mind beyond a reasonable doubt, is yet sufficient to incline a fair and impartial mind to one side of the issue rather than to the other," is a substantial definition of the term "preponderance of evidence," as defined in the Civil Code, § 5145.

3. The charge of the court on the subject of the application of payments made by the defendant was not open to the criticism that it was indefinite and uncertain and not authorized by the evidence; and the verdict in favor of the plaintiff was warranted.

*Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided December 12, 1906.

Complaint.    Before Judge Gober.    Cherokee superior court. December 21, 1905.

*J. P. Brooke,* for plaintiff in error.

*G. I. Teasley* and *P. P. DuPre,* contra.