## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* ARP.

1. In an action against a railroad company for an injury alleged to have
been negligently inflicted upon a child of four years while on the
railroad track at a place intersected by a private crossing maintained
by the defendant, an allegation that the servants of the railroad com-
pany in charge of the train which inflicted the injury saw or in the
exercise of ordinary diligence could have seen the child in time to
have stopped the train and averted collision with the child by the
use of proper care is to be construed, not as charging a wanton act in
deliberately running down the child, but as a negligent act in omitting
proper precaution to avert striking the child in case such servants
saw, or in the exercise of ordinary care could have seen, the child.
2. Where a private way crosses the track of a railroad company, and the
crossing is maintained by the company and such private way for more
than ten years has been in constant and uninterrupted use by the
people of the neighborhood, it is a question for the jury to say whether
in the exercise of ordinary care the servants in charge of a train should
anticipate that persons may be on the track at this point and take such
precautions to prevent injury to such persons as would meet the require-
ment of ordinary care and diligence.  Applying this rule to the petition,
a cause of action was set out.
3. The charge excepted to was erroneous as an expression of opinion that
certain facts constituted negligence and authorized a recovery by the
plaintiff.

JUNE 22, 1911.

Action for damages.  Before Judge Morris.  Fannin superior
court.   February 18, 1910.

*D. W. Blair* and *William Butt,* for plaintiff in error.  ·

*Gober & Griffin,* contra.

EVANS, P. J.   This was a suit by Tasker Arp, by his next friend,
against the Louisville & Nashville Railroad Company to recover
damages for a personal injury.   In the petition it was alleged,
that a private way from a public road which passed by the house
of petitioner's father intersected the track of the defendant com-
pany; that this private way had been in constant and uninterrupted
use by the people in the neighborhood as a private road for more

than ten years; that it had been so recognized by the railroad company, which maintained the crossing at the point of intersection; that there was an unobstructed view of the crossing for more than half a mile up the track; that on August 8, 1907, the petitioner, a child of near four years of age, in attempting to cross the railroad track while proceeding upon this private way, was struck by a passenger-train and seriously injured. It was alleged that the agents in charge of the train had an unobstructed view of petitioner for half a mile, and either saw or in the exercise of ordinary care could have seen him, yet evinced "reckless disregard for the safety of your petitioner by wantonly, willfully, and negligently failing and refusing to give an alarm and check the train, although they saw or could have seen your petitioner in ample time by the exercise of ordinary care and diligence to have avoided the collision with your petitioner and the injury to him as aforesaid, by reversing their engine, using the air-brake, and by stopping the train before it reached your petitioner;" that it was the duty of the agents of the defendant to have kept a lookout and to have anticipated the presence of persons on the crossing, which they did not do. The character of the injuries was specifically described. The defendant demurred both generally and specially. The demurrers were overruled, and the case proceeded to trial, terminating in a verdict in favor of the plaintiff. The court refused to set the verdict aside on motion.

1.  The demurrer was general and special. The special grounds of demurrer, because of indefiniteness, were cured by appropriate amendments. It was also urged that the allegations made as the basis of the defendant's liability, that the defendant's servants in charge of the train saw or in the exercise of ordinary care could have seen the petitioner, and yet omitted precautions to avoid striking him, were lacking in certainty and left the defendant in doubt as to whether the plaintiff was seeking recovery upon the theory that the defendant's servants saw plaintiff's peril and willfully and wantonly ran their train against him, or whether they were negligent in not seeing him. We do not think the allegations of the petition show any purpose on the part of the pleader to charge that the defendant's servants wantonly ran their train against the child. The liability of the defendant is alleged to consist in certain acts of omission. The allegation that the servants

saw, or in the exercise of ordinary care could have seen, the child in time to prevent striking him were intended to simply state the measure of the defendant's duty both in case they actually saw the child or could have seen him in the exercise of proper diligence. The violation of that duty was alleged to consist in the failure to exercise proper care in discovering the plaintiff's presence on the track and in stopping the train.

2. The petition set out a cause of action. It alleged circumstances authorizing an inference of a duty on the part of the servants of the railroad company to anticipate the presence of a person on the track where crossed by the private way, which was in constant and uninterrupted use by the people of the neighborhood with the knowledge and consent of the railroad company, and the failure of the servants in charge of the defendant's train to observe that duty in detecting a person on the crossing and in stopping the train. The tender age of the plaintiff precludes any inference of contributory negligence on his part. *Crawford* v. *Southern Railway Company,* 106 *Ga.* 870 (33 S. E. 826); *Bullard* v. *Southern Railway Company,* 116 *Ga.* 644 (43 S. E. 39).

3. The court charged: "If the plaintiff was on the track and the engineer discovered him for some distance [before] he got to him, it was his duty to stop the train whenever the plaintiff was seen; and if he failed to do this, and the plaintiff was injured on account of such failure, the defendant would be liable." The error assigned is that this excerpt amounted to an instruction by the court that the engineer was negligent; and that the charge was misleading, because of the indefiniteness of the time and place when and where the duty was upon the engineer to stop the train. The instruction in defining the duty of the engineer did not take into account the time when he discovered the child upon the track or his ability to stop the train when discovery was made, but the jury were told that if he discovered the child upon the track and failed to stop his train and the plaintiff was injured on account of such failure, the defendant would be liable. It may be that at the time the child's presence upon the track was discovered by the engineer in the exercise of ordinary and proper care it would have been impossible for him to stop the train soon enough to avoid the injury. Indeed, according to the evidence submitted by the defendant, several children, one of whom was the plaintiff, were

playing near the railroad track, and the plaintiff ran within a few feet of the track and stopped, and just as the engine reached a point near where the plaintiff was standing he suddenly ran on the track and was struck by the pilot beam of the engine. A judge is forbidden to instruct a jury that certain enumerated facts constitute negligence, when the law does not declare such to be negligence. Because of this erroneous instruction a new trial must be granted.

*Judgment reversed.·  All the Justices concur.*