## WESTERN & ATLANTIC RAILROAD CO. *v.* CASTEEL.

1. It is error to instruct the jury that certain enumerated facts constitute negligence, where the law does not declare such to be negligence.
2. In a suit for a personal injury arising from a negligent tort (where the doctrine known as the master and servant rule does not apply), the burden does not rest on the plaintiff, as part of his case, to show his freedom from negligence, but contributory negligence is matter of defense. It may, however, appear from the evidence introduced by either party.

AUGUST 17, 1912.

Action for damages. Before Judge Morris. Cobb superior court. August 26, 1911.

*Tye, Peeples & Jordan* and *D. W. Blair,* for plaintiff in error. *Clay & Morris,* contra.

EVANS, P. J. The plaintiff, a youth of thirteen years, with three companions, was playing on a turntable of the defendant railroad company, when he was injured. In a suit for the injury he alleged that the railroad company was negligent in maintaining upon its premises, without guard or adequate protection, the turntable, which was dangerous to life and limb, and of a nature to invite the intrusion of children. The defendant denied any negligence in this particular. The court charged the jury: "I give you this rule: where a railroad company leaves a dangerous machine, such as a turntable, if you believe that the table was a dangerous machine, unfastened in a city on a lot which is not securely enclosed, and where people and children are wont to visit it and pass through it, this is negligence on the part of said company." This instruction contained an expression of opinion that certain acts constituted negligence. The court may not so instruct the jury, unless such acts are declared by law to be negligence. *Louisville & Nashville Railroad Co.* v. *Arp,* 136 *Ga.* 489 (71 S. E. 867).

The court also charged that "the degree or measure of care which the child was required to exercise was that which is ordinarily exercised and which is to be reasonably expected from a child of his years and experience, under the circumstances he was in, as shown by the evidence; and before the jury can find him guilty of contributory negligence, or lack of due care, you must find that he failed to exercise such care and caution as reasonably might be expected of a child of his years and experience under the circumstances, and the burden of proving such lack of due care is upon the defendant; still, that proof may come either from the evidence introduced by the plaintiff or that introduced by the defendant, or from the evidence of both." In its connection this instruction was not erroneous. Whenever the defendant's negligence as the cause of the injury is made to appear, the plaintiff's contributory negligence becomes a matter of defense. *City Council of Augusta* v. *Hudson,* 88 *Ga.* 599 (3), 600 (15 S. E. 678). Unless the plaintiff in making out his case submits proof of his own negligence as the contributory cause of his injury, the burden

is on the defendant to prove the plaintiff's negligence, if such defense is made to the action.

*Judgment reversed. All the Justices concur.*