## 6543.   COOK *v.* CASE THRESHING MACHINE COMPANY.

1. It is not reversible error to direct a verdict which is demanded by all the legal evidence in the case, and when a finding to the contrary could not be reached except upon testimony which has been improperly admitted or which should have been excluded by the court. Testimony which is incompetent or otherwise inadmissible may be withdrawn by the judge in his charge to the jury. Logically and legally the inevitable effect of withdrawing all testimony in behalf of one of the parties is to require a finding in favor of the other, and the result of directing a verdict in favor of the latter is the same as should be reached as the logical conclusion of the case should the judge embody in his charge an explicit instruction to the jury that the evidence which has been improperly admitted must be disregarded. For this reason, in a case in which the trial judge, upon the conclusion of the testimony, rightly determines that certain testimony has been erroneously admitted, and decides that but for the admission of this testimony there would be no issue before the jury, it would be vain and useless to go

through the form of submitting the case to the jury for their determination.

2. The evidence in behalf of the plaintiff in the present record is substantially the same as when this case was previously before this court (*Case Threshing Machine Co.* v. *Cook,* 7 *Ga. App.* 631, 67 S. E. 890), and it was then decided (and is therefore the law in this case) that, on the testimony submitted, the plaintiff was entitled to recover upon the written contract, notwithstanding the defense then interposed. The amendment to the defendant's plea merely amplified the answer which was heretofore considered by this court; and in view of the fact that no testimony was introduced in support of the amendment, other than oral testimony which squarely contradicted one of the express terms of a written contract which the defendant admitted he had voluntarily executed, and as this oral testimony was admitted in violation of section 5788 of the Civil Code, the withdrawal of this testimony, by directing the verdict, was not error.

DECIDED JANUARY 28, 1916.

Complaint; from city court of Monticello—Judge Thurman. March 18, 1915.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell,* contra.

RUSSELL, C. J. 1. The first headnote is self-explanatory.

2. After the former appearance of this case in this court (see 7 *Ga. App.* 631, in which the facts are fully stated), the defendant tendered and the court allowed an amendment to the answer, in which amendment he set up that the plaintiff was precluded from recovering, because of five positive statements alleged to have been made by the salesman and agent of the plaintiff and which are severally set forth in detail; the defendant alleging that he was ignorant of the truth or falsity of these statements, but would not have purchased the machinery but for his reliance upon them, and in consequence the notes were obtained from the defendant by fraud and misrepresentation. The amendment further set up that as soon as the defendant discovered the falsity of the statements, he complained to the plaintiff, disclaiming any liability on the note, and offered in good faith to return the machinery, etc. The defendant asked a rescission of the contract, or to be allowed to set off certain alleged damages against the plaintiff's demand.

Granting that the allowance of this amendment in 1911 was a holding which became the law of the case, so as to permit the introduction of testimony in support of the amendment, it does not necessarily follow that for that reason the court erred in directing a verdict. For the reasons stated in the first headnote, the

action of the court in directing a verdict may be considered as tantamount to an instruction to the jury to disregard the testimony introduced in behalf of the defendant's answer and the amendment thereof. But this was not in violation of the well-settled rule that a court can not revoke an interlocutory judgment entered at a previous term, and that such judgment, if no timely exception is taken thereto, becomes the law of the case. The plaintiff in error had the right to support the amendment to his answer by competent and admissible testimony, because, by reason of the plaintiff's failure to except to the allowance of the amendment, it had been adjudicated that the amendment set forth a good defense, and the court's action in allowing the amendment fixed the law of the case upon that point. But while the defendant had the right to prove the statements of his amendment, if he could, by legal testimony, he had no right to attempt to sustain his amendment by testimony which was legally inadmissible, or by evidence such as hearsay, which is of no probative value. It does not appear that at the time of its introduction any objection was offered to the admission of the testimony of the defendant in support of his amendment, or whether such objection was made at any time. But whenever the trial judge wishes to do so, he may of his own motion withdraw any testimony which is legally inadmissible. He may exercise this power either during the course of the trial or by an express instruction to the jury to disregard such testimony; and since the testimony adduced in support of the defendant's answer as amended consisted only of proof of oral statements alleged to have been made by one of the salesmen of the plaintiff, which squarely contradicted the stipulation in the contract that "this sale is made under the inducements and representations herein expressed and no others," the familiar terms of section 5788 of the Civil Code made all testimony as to oral negotiations, antecedent to the execution of the writing, inadmissible and of no more legal potency than if the testimony adduced in behalf of the defendant had consisted entirely of hearsay.

We have said this on the assumption that the allowance of the amendment was an adjudication by the lower court that if the facts alleged had been proved by testimony legally admissible, the defendant would have presented such a defense as should have

been submitted to the jury, and that the judgment of the trial judge in directing a verdict can be sanctioned only upon the ground that the testimony introduced in support of the amendment could properly have been withdrawn as not being legally admissible in support of the plea as amended. However, the action of the trial judge in directing a verdict is supported by the rulings of the Supreme Court in *Case Threshing Machine Co.* v. *Broach, 137 Ga.* 602 (73 S. E. 1063). The decision in Feezor *v.* Case Threshing Machine Co., 152 N. C. 56 (67 S. E. 1004), which is relied upon by learned counsel for the plaintiff in error, is of course not binding authority, and in view of the numerous rulings upon the same subject in this State, is not even persuasive. The rulings in *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674), *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731), *Williams Mfg. Co.* v. *Warner Refining Co.,* 125 *Ga.* 408 (54 S. E. 95), and *Gainesville &c. R. Co.* v. *Austin,* 127 *Ga.* 120, 123 (56 S. E. 254), as well as the opinion of Judge Cobb in the case of *Kelly* v. *Strouse,* 116 *Ga.* 872 (8*a, b*), 874 (43 S. E. 280), are to the effect that where a party fails to test the sufficiency of the pleadings by demurrer, and yet the pleadings set out no cause of action, it does not follow that proof of the idle allegations therein will compel the court to do a useless thing, and refer to a jury that which is so vain and nugatory that a judgment on the verdict would have to be arrested. As was said in *Horsley* v. *Woodley,* 12 *Ga. App.* 456, 461, "It matters not that counsel for the plaintiff in error does not call the attention of the court to a specific ruling under which the particular finding is contrary to law, if, as a matter of fact, the court knows that the result reached in the trial was contrary to law. Counsel may not know the law; the courts must know it." So far as the result finally reached in this case in the trial court is concerned, the adjudication is in complete accord with the ruling in *Case Threshing Machine Co.* v. *Broach,* supra, as well as in conformity with the former decision of this court in the same case. In the *Broach* case, supra, the Supreme Court, in ruling upon the point, and concerning a contract in the identical language of that now before us, held: "Where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the

writing contains the whole of the agreement between them, and parol evidence of prior or contemporaneous conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument. If such writing contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge, or modify that which the writing specifies. . . Where a written contract of bargain and sale stipulates that 'This sale is made under inducements and representations herein expressed and no others,' it is not a valid defense to an action for the price of the goods that the purchaser was induced to enter into the agreement by reason of false representations made by an agent of the seller, but not contained in the contract, when there is nothing to show that the purchaser was misled or deceived as to its contents, or in any manner prevented from ascertaining the same." However this may be, it can not be doubted that the trial judge upon his own motion had the right to disregard the illegal evidence, and that he rightly decided that the evidence in support of the amendment to the plea was illegal. "Evidence which in law established nothing can not properly be said to be in any sense material." *Kelly* v. *Strouse,* supra.

*Judgment affirmed.*