30113. AMERICAN NATIONAL INSURANCE CO. *v.* NELSON.

DECIDED JUNE 12, 1943.

*Lovejoy & Mayer,* for plaintiff in error.
*Duke Davis, P. T. Hipp,* contra.

SUTTON, J. This suit was by Mrs. Bettie L. Nelson as beneficiary, against the American National Insurance Company, to recover the amount of the double indemnity under an insurance policy issued on the life of Charles J. McCain. The policy provided: "Upon receipt at its home office of this policy duly discharged, and satisfactory written proof that the death of the insured resulted, directly and independently of all other causes, from accidental drowning or from bodily injury, such drowning or injury having occurred after the date of this policy, and such injury having been effected solely through external, violent, and accidental means evi-

denced by internal injury revealed by autopsy or evidenced by visible contusion or wound on the exterior of the body, . . the company will pay a double accidental death benefit, as set forth above. The double accidental death benefit will not be payable if the injury was received: . . from any violation of law by the insured."

The defendant denied liability, on the grounds that the death of the insured was not caused by accidental means, and because his death was caused by a violation of law on his part, in that while under the influence of intoxicating liquor he went to the store of George Jackson with a loaded pistol in his hand, and made an assault on him; whereupon· Jackson shot and killed the insured in defense of his own life. Verdict and judgment were rendered in favor of the plaintiff. A motion for new trial was overruled, and the defendant excepted.

■ This is the second appearance of the case in this court. On the first trial a verdict in favor of the defendant was directed, and this court reversed the judgment, holding, among other things, that "the evidence was sufficient to authorize a finding that the death of McCain was accidental within the terms of the policy, and was not the result of any injury received from any violation of law. The evidence was sufficient to authorize a finding for the plaintiff, and the court erred in directing a verdict for the defendant." *Nelson v. American National Insurance Co.*, 67 *Ga. App.* 775. (21 S. E. 2d, 658). The evidence on the second trial was substantially the same as it was on the first trial. We have compared the two records, and see no material difference in the evidence as contained therein; and therefore it is not necessary to set out the evidence here, as it was substantially set out or referred to in the former decision of this court. Under the rulings in that decision it was held, as above stated, that the evidence was sufficient to authorize a verdict in favor of the plaintiff; and the jury having on the second trial returned a verdict in favor of the plaintiff, the plaintiff in error is now concluded by that decision in so far as the general grounds of its motion for new trial are concerned.

■ In special ground 1 error is assigned on the charge to the jury, that "preponderance of the evidence means that superior weight of evidence on the issues involved, which, while not sufficient to free the mind wholly from all reasonable doubt, is still sufficient

to incline a fair and impartial mind to one side of the issue rather than the other," on the ground that it was not a correct definition of preponderance of evidence as defined in the Code, § 38-106, and was erroneous, confusing, and misleading to the jury. While this charge was not in the exact language of § 38-106, it was a substantial definition of "preponderance of evidence," and was not erroneous, confusing, and misleading to the jury, as contended. See *Scott* v. *Brown,* 127 *Ga.* 88 (2) (56 S. E. 130).; *U. S. Fidelity & Guaranty Co.* v. *Toombs County,* 187 *Ga.* 544, 556 (9-*g*), (1 S. E. 2d, 411); *Studstill* v. *Bergsteiner,* 25 *Ga. App.* 405 (2) (103 S. E. 691).

■ It was not error for the court to fail to give the following charge upon request: "I charge you that under the law any person is presumed to intend not only the deed or thing that he does, but also to intend the natural and proximate consequences of such deeds. I charge you further, that this rule of law is applicable with equal force to a drunken man as it is applicable to a sober man." This was not appropriate or adjusted to the evidence. The evidence did not authorize the court to assume that the insured was drunk.

■ Ground 3 complains that the court erred in refusing to give a requested charge as to accident. Ground 4 assigns error on failure to give the requested charge as therein set out, to the effect that where the insured is the aggressor, he must be held to have foreseen the result of his wrongful act, or must have known or anticipated the result; and that before the plaintiff could recover, it must be shown by a preponderance of the evidence that the insured was not aware of any danger whatsoever. It was not error to omit to give in charge the requested instructions, as the general charge fully and adequately covered them.

■ ■ It was not error to refuse to give in charge to the jury, on request, the definition of justifiable homicide, as contended in ground 5. The guilt or innocence of the slayer was not an issue in the present case. It was not a question as to whether, acting under the fears of a reasonable man, he would have been justified in the act of killing the insured; but it was what the insured as a reasonable man should have expected or foreseen as the probable result of his own act.

■ Grounds 6 and 7 are not argued or referred to in the brief

of counsel for the plaintiff in error, and are treated as abandoned.

■ Ground 8 assigns error on the charge that "If a person gets ready to make an assault and uses an active physical attempt towards putting that into effect, but is prevented from carrying out the assault, he still could be convicted of the offense of a bare assault," on the ground that it was confusing and misleading to the jury. The charge stated a correct principle of law, and was not erroneous or harmful as against the defendant.

■ The verdict in favor of the plaintiff being authorized by the evidence, and no error of law appearing, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, J., concurs.*

STEPHENS, P. J., concurring specially. I concur in the judgment and in the opinion as written, except in paragraph 3. I concur in the conclusion therein stated, that the court did not err in failing to give the requested charge. In my opinion the request does not state a correct proposition of law, and for that reason it was not error to refuse it. The rule applicable to a case of this kind, which is a suit to recover under a policy for the death of the insured, resulting from an injury effected solely through external, violent, and accidental means, and not from any violation of law by him, is stated in *Gaynor* v. *Travelers Insurance Co.*, 12 *Ga. App.* 601 (4) (77 S. E. 1072), as follows: "Where one person injures another, and the injury is not the result of misconduct or participation of the injured party, but is unforeseen by him, it is, as to him, accidental, although it may be intentionally inflicted by the other party." This rule is stated in somewhat different language in *New York Life Insurance Co.* v. *Jennings*, 61 *Ga. App.* 557 (6 S. E. 2d, 431), as follows: "Even where the insured is the aggressor, if the insured could not reasonably anticipate bodily injury resulting in death to insured at the hands of another, the beneficiary may recover." These two excerpts from these two decisions were cited with approval in the opinion in this case at its former appearance, as reported in 67 *Ga. App.* 775 (supra). Under this rule, where the insured is the aggressor, and is under the influence of intoxicating liquor at the time or is drunk, he can not as a matter of law be held to the same standard in anticipating bodily injury from the other person who killed him as he would be were he sober. A sober man in possession of his faculties might

anticipate bodily harm from a person whom he assaults, while an assailant whose brain is beclouded might not anticipate as readily as a sober man the reaction which the person assaulted might make to the assault.