RACKLEY *v.* MILLER *et al.*

No. 15457.   MAY 10, 1946.

724

728

*Matthews, Owens & Maddox* and *Lanham & Parker,* for plaintiff.

*James Maddox,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) Upon the former appearance of this case in this court it was held in part: "The record is silent as to any mutual mistake of the parties as to the boundary expressed in the petitioner's deed and, hence, there was no basis for reformation of the instrument. Reformation being a prerequisite to the relief sought, the verdict in favor of the petitioner was unauthorized." *Miller* v. *Rackley,* 199 *Ga.* 370, 376 (supra). Although on the second trial an amendment was made to the petition, it related to claimed repairs and improvements made by the petitioner to the property in dispute. On the question of reformation of the deed for alleged mistake, the pleadings were alike in both the first and second trials. The plaintiff in error states in her brief: "As we understand it, the question now is whether or not there was sufficient evidence to carry the case to the jury on the question of the reformation of the deed."

It is a well-settled rule that the decision of an appellate court is controlling on a subsequent appeal, where the pleadings and evidence are substantially the same. *Smoot* v. *Alexander,* 192 *Ga.* 684 (16 S. E. 2d, 544) ; *Taylor* v. *Felder,* 11 *Ga. App.* 742 (76 S. E.

75); *Cook* v. *Case Threshing Machine Co.,* 17 *Ga. App.* 543 (87 S. E. 832); *Liberty Nat. Life Ins. Co.* v. *Parramore,* 70 *Ga. App.* 320 (28 S. E. 2d, 190). Neither the plaintiff nor the scrivener who prepared the deed from E. R. Minhinnette to Aurelia Rackley testified on either of the two trials concerning the intention of the parties with reference to whether the land conveyed by the deed was intended by both parties to include the property between the old and new road or highway known as the Cave Spring and Alabama public road. There was testimony in the first trial as to statements made by Minhinnette to others after the execution of the deed concerning the boundary of lands owned by Miss Rackley. However, under the ruling of this court on the first appearance, this evidence was insufficient to authorize a jury to find for the petitioner's claim of reformation of a deed for alleged mutual mistake. Although on the second trial witnesses for the petitioner went into greater detail, the character of their testimony was virtually the same as that offered on the first trial. In neither trial did the witnesses purport to have knowledge of, or to testify as to, the intention of the parties to the deed at the time of and in reference to the particular deed under which Miss Rackley claimed.

Since the evidence was substantially the same on both trials insofar as it related to the question of the alleged mistake, and, under the law of the case, the evidence was insufficient to reform the deed for mutual mistake, the trial court did not err in directing a verdict for the defendants on that issue, or in overruling the motion for new trial as amended. *American National Ins. Co.* v. *Nelson,* 69 *Ga. App.* 537 (26 S. E. 2d, 203).

*Judgment affirmed. All the Justices concur.*