31515. LOUISVILLE & NASHVILLE RAILROAD CO. v.
PATTERSON.

2

DECIDED MARCH 21, 1947.   REHEARING DENIED APRIL 1, 1947.

*Tye, Thomson, Tye & Edmondson, Sam J. Welsch, C. N. King,* for plaintiff in error.

*Charles A. Pannell, Mitchell & Mitchell,* contra.

SUTTON, P. J.   Mrs. Georgia May Patterson sued Louisville & Nashville Railroad Company in the Superior Court of Murray County for damages for the homicide of her husband, who was killed when a truck operated by him was struck by one of the defendant's passenger trains at a private crossing.   The plaintiff alleged, substantially, that the defendant was negligent as a matter of fact: (1) in failing to use ordinary care to anticipate the presence of the plaintiff's husband upon said crossing at the time; (2) in failing to exercise ordinary care to avoid doing injury to the plaintiff's husband at said time and place; (3) in failing to signal the approach of said train to said private crossing, or to the public crossing located 100 yards north of said private crossing, by blowing the whistle or ringing the bell on its engine; (4) in failing to maintain a lookout ahead of said train in approaching said private crossing, under the surrounding circumstances al-

3

leged in the petition; and (5) in operating said train at said time and place at a rate of speed of 60 miles or more per hour. The defendant, in its answer, denied that it was negligent in any particular charged in the petition, and set out that the plaintiff's husband was negligent and failed to exercise ordinary care in approaching and entering upon said crossing, and that his own negligence and failure to use ordinary care for his own safety was the proximate cause of his death. The jury returned a verdict in favor of the plaintiff for $17,500, the defendant's motion for a new trial was overruled, and the exception here is to that judgment.

■ The defendant contends that the verdict is not supported by evidence and that the court erred in overruling the general grounds of the motion. There was evidence from which the jury was authorized to find: that the crossing at which the plaintiff's husband was killed was a private crossing, which had been maintained by the defendant for vehicular traffic for more than 20 years, had been used by the people of the neighborhood for more than 20 years, and had been used by the plaintiff's husband and family for about 3 years and since they moved into the neighborhood; that said private road crossed the track of the defendant on a fill, some 10 feet high, and that immediately east of the fill the view of one approaching the crossing was obscured by bushes, weeds, and timber at the time of the accident; that the plaintiff's husband was driving an old-model automobile, which had been converted into a truck, along said private way at a slow rate of speed, as the defendant's passenger train approached the private crossing at a rate of speed of 60 miles an hour or more without the agents and servants of the defendant in charge of said train ringing the bell or sounding the whistle or giving any warning or signal of the approach of the train to the private crossing; that the engineer was seated on the west side of the engine where a view of the road approaching the crossing was obscured by the boiler of the engine, but that the fireman was seated on the east side of the engine, where he had a view of the crossing and the road approaching the same along which the plaintiff's husband was traveling, but the fireman had looked at a steam gauge and back down the track and did not observe the truck in which the plaintiff's husband was riding until the engine of said train was within 50 to 75 feet of the crossing, at which time the truck was entering upon the track;

that the fireman immediately attempted to notify the engineer that the truck was upon the crossing, but that the engineer failed to understand him and the engine of the train struck the truck which the plaintiff's husband was driving without any signal of any kind being given by the engineer and before he applied the emergency brakes on said train; that said train traveled down the track a distance of from 1800 to 2000 feet after striking said truck and after the emergency brakes were applied before coming to a stop; that the plaintiff's husband was thrown from the truck and killed. There was also evidence as to the age, health, habits, and earnings of the deceased, and that the plaintiff was his widow and the mother of his seven children, one of whom was killed in said accident.

It is well-settled law in this State that questions of negligence, proximate cause, and the failure to exercise ordinary care in avoiding the consequences of another's negligence are generally questions for the jury. "Where a private way crosses the track of a railroad company, and the crossing is maintained by the company, and has for a number of years been in constant and uninterrupted use by the people of the community, a jury may be authorized to find that the servants in charge of a train should anticipate that a person may be on the track at such point, and use such precaution to prevent injury to him as would meet the requirements of ordinary care." *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (2) (154 S. E. 718). Also see *Louisville & Nashville R. Co.* v. *Arp,* 136 *Ga.* 489 (71 S. E. 867). There was evidence to authorize the jury to find that the road approaching the crossing along which the plaintiff's husband was traveling was not visible to the engineer, though it was visible to the fireman, but he had been looking at a steam gauge in the engine, and did not see the truck operated by the deceased until the engine of the train was within 50 to 75 feet of the crossing; and that the fireman failed to make the engineer understand his warning, and the engineer in charge of said engine did not sound the whistle, or ring the bell, or apply the brakes or take any other precaution to avoid striking said truck. According to the evidence, no warning or signal of any kind was given by the defendant of the approach of said train to the private crossing at which the plaintiff's husband was killed.

The defendant contends that the plaintiff's husband was not in the exercise of ordinary care for his own preservation and safety in driving the truck upon the crossing under the circumstances shown by the evidence, but this was an issue for the jury. It can not be said as a matter of law that the failure of a person approaching a railway crossing and unaware of the approach of a train to stop, look, and listen makes him guilty of such a want of ordinary care as will preclude a recovery by his widow for his death. *Atlanta & West Point Railroad Co.* v. *Wise,* 190 *Ga.* 254 (2) (9 S. E. 2d, 63); *Southern Railway Company* v. *Tankersley,* 3 *Ga. App.* 548 (60 S. E. 297). Under all the facts and circumstances of this case, it was for the jury to determine whether or not the defendant was negligent as charged in the petition, and to determine the questions of proximate cause and whether or not the plaintiff's husband by the exercise of ordinary care could have avoided the consequences of the defendant's negligence. In this connection, see *Central of Georgia Railway Co.* v. *Barnett,* 35 *Ga. App.* 528 (1) (134 S. E. 126); *Collier* v. *Pollard,* 60 *Ga. App.* 105 (2 S. E. 2d, 821). The jury resolved the issues in favor of the plaintiff, and their verdict is supported by evidence and has the approval of the trial judge. It follows, therefore, that the court did not err in overruling the general grounds of the motion for a new trial.

■ Complaint is made in special ground 1 that the court, in giving the contentions of the parties, stated to the jury that the plaintiff contended that her husband, when he approached the private crossing at which he was killed, stopped, looked and listened for an approaching train and failed to hear or see said train as it approached the crossing at a fast and reckless rate of speed of 60 miles an hour or more without giving any warning of its approach to the private crossing, or to the public crossing some short distance north of the private crossing; and that those in charge of said train failed to keep a lookout ahead and failed to see her husband, or if they saw him that they failed to warn him or to stop said train or do anything that would have prevented the train from running into the truck operated by her husband; and that they failed to anticipate the presence of the plaintiff's husband on said crossing, as it was their duty to do; and that her husband was exercising ordinary care for his own safety at the time

he was killed. The plaintiff in error contends that this charge was not authorized by the pleadings or the evidence, and that it amounted to an expression of opinion by the court favorable to the plaintiff and against the defendant.

The judge fully instructed the jury that he was merely stating the contentions of the parties, and that he had not undertaken to give all the contentions with absolute accuracy as to detail, but that the jury would have the pleadings out with them and could refer to the pleadings to determine the exact contentions of the parties. Although the charge complained of was not accurate in all particulars, we do not think that the inaccuracy was such as could have misled or confused the jury when considered in connection with the charge as a whole. While the plaintiff did not allege in so many words that her husband listened for the approaching train before entering upon the crossing, she did allege that he looked up and down the track and failed to hear or see the approaching train. The distinction, if any, between looking up and down a railway track for a train and failing to hear or see it, and looking and listening for an approaching train is very slight, and is not such as could mislead or confuse a jury, and the court did not err in stating to the jury that the plaintiff contended that her husband looked and listened for the train before going on said crossing. Although there was no evidence that the plaintiff's husband brought the truck that he was operating to a stop before entering on the crossing, there was evidence that he was not in a hurry and that he was operating the truck slowly enough for his 9-year-old son to run behind the truck until it reached a point only a few feet from the crossing. Under all the evidence of this case, and the entire charge given by the court, we do not think that the charge in this respect was such as could have misled or confused the jury or harmed the defendant.

The plaintiff in error insists that it was error for the court to instruct the jury that the plaintiff contended that the defendant's train approached the crossing at a fast and reckless rate of speed of 60 miles an hour or more, in that it was a contention not made by the pleadings, submitted to the jury a theory and degree of negligence different from that contained in the petition, and amounted to an expression by the court of an opinion as to what had been proved. There was ample evidence to authorize the jury to find

that the train approached the crossing at a fast and rapid rate of speed of 60 miles an hour or more. The conductor in charge of said train testified that it was traveling about 60 miles an hour, and the engineer testified to the same effect. There was also evidence that it was traveling more than 60 miles an hour, and that it traveled from 1800 to 2000 feet with the emergency brakes on after it struck the truck which the plaintiff's husband was operating. It also appeared from the evidence that no signal or warning of any kind was given for the private crossing at which the plaintiff's husband was killed, and that the whistle was not blown nor the brakes applied until after the train had struck the truck operated by the plaintiff's husband. While the use of the word "reckless" by the court in stating the contentions of the parties was inapt, we do not think that it was such an inaccuracy as could have misled or confused the jury, since they were fully and correctly instructed as to the law applicable to the issues made by the pleadings and the evidence.

The court did not err in instructing the jury that the plaintiff contended that the servants and agents of the defendant in charge of said train failed to keep a proper lookout ahead and failed to see her husband, or if they saw him that they failed to warn him or to stop the train or to do anything that would have prevented the train from running into the truck operated by him, and that they failed to anticipate his presence on the crossing, as it was their duty to do. There was evidence from which the jury could find that the engineer could not see the private way leading to the crossing as the train approached said crossing, though the fireman had a clear and unobstructed view of the private way and crossing, but that he had been looking at a steam gauge and did not see the plaintiff's husband until the train, which was then traveling at 60 miles an hour or more, was within 50 to 75 feet of the crossing, and that, after he saw the deceased, nothing was done to check the speed of the train or to warn the deceased of the approach of the train. While the plaintiff did not allege in so many words that it was the duty of the servants and agents of the defendant in charge of said train to anticipate the presence of her husband on the crossing, and that they failed to do so, there was ample evidence to authorize such charge. The plaintiff alleged and introduced evidence to show that the crossing had been maintained by the de-

fendant company for more than 20 years as a private crossing for vehicular traffic, and that it was being used by the people of the community and had been so used for more than 20 years. Under these circumstances, it was a question for the jury as to whether or not it was the duty of the defendant's servants and agents in charge of its train to have anticipated the presence of the plaintiff's husband on the crossing and to have used such precautions to prevent injury to him as would meet the requirements of ordinary care, and the court did not err in submitting this issue to the jury. *Southern Railway Company* v. *Slaton,* supra; *Louisville & Nashville Railroad Co.* v. *Arp,* supra.

The court stated to the jury that the plaintiff contended that her husband was in the exercise of ordinary care at the time he was killed. The defendant in its answer alleged that the death of the plaintiff's husband was due to his failure to exercise ordinary care, and the plaintiff introduced evidence which tended to refute this contention of the defendant. The court did not err in charging the jury that the plaintiff contended that her husband was in the exercise of ordinary care.

Under all the facts and circumstances of this case and the entire charge given by the court, the instruction complained of was not harmful error for any reason assigned.

■ For the reasons set out in division 2 of this opinion, the judge did not err in stating in his charge that the plaintiff contended that the defendant should have anticipated the presence of her husband on said crossing and failed to do so; and the court did not err in overruling special ground 2.

■ In special ground 3, the movant contends that the judge erred in charging the jury, in that he stressed the contentions of the plaintiff and minimized the contentions of the defendant. We have carefully examined the charge and find that it fully and fairly presented the issues of the case made by the pleadings and the evidence. The charge was not subject to the criticism directed against it, and the court did not err in overruling special ground 3.

■ Error is assigned in special ground 4 upon the following charge: "Gentlemen, in connection with the crossing in question, I want to give you a charge with reference to that. Where a number of persons, with the knowledge and without the disapproval of the railroad company, use a private passageway for the purpose of

crossing the line of the railroad at given points, the employees of the company in charge of its trains, who are aware of its custom, are bound on given occasions to anticipate that persons may be abutting [upon] the track at this point, and which was under a duty to take such precaution to prevent injury to such persons as would meet the requirements of ordinary care and diligence." The objections to this charge are that it is unsound as an abstract principle of law and that it was not authorized by the evidence. The charge given is substantially the rule laid down in *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644 (43 S. E. 39), and followed in *Southern Railway Co.* v. *Perkins*, 66 *Ga. App.* 66, 73 (17 S. E. 2d, 95); and it was amply authorized by the evidence. The engineer in charge of said engine testified that he had known of this private crossing for "probably . . 25 or 30 years;" and the fireman testified that he had known of this crossing for at least 40 years, that, as an employee of the defendant and under orders from his superiors, he had worked and maintained the crossing for vehicular traffic over a period of several years, and that he had seen people riding or driving mules over the crossing. There was evidence of the use of the crossing by the people of the neighborhood. The court did not err in giving the instruction complained of, and in overruling special ground 4.

■ Complaint is made in special ground 5 that the verdict of $17,500 is not supported by the evidence and is excessive. There was evidence from which the jury was authorized to find that the husband of the plaintiff, at the time of his death, was in good health and had a life expectancy of about 30 years; that he had made during the year 1944, the last full calendar year of his life, 16 bales of cotton weighing about 500 pounds each, 300 bushels of corn, $100 worth of hay, and had made more than $100 as a laborer for hire, and, in addition to the above, had made sufficient food for his family consisting of a wife and seven children. The verdict of the jury is supported by the evidence and has the approval of the trial judge; and we can not say as a matter of law that it is excessive. The court did not err in overruling special ground 5.

■ The court did not err in refusing to give in charge to the jury the following request: "I charge you, gentlemen, that a railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the

dangers incident to the operation of trains upon the track. This is true without regard to the place the track is." To have given this requested charge would have been an expression of opinion by the judge that a railroad track was a place of danger, which it may or may not be, depending on the circumstances. *Edwards* v. *Atlanta, Birmingham & Coast R. Co.,* 63 *Ga. App.* 212, 218 (10 S. E. 2d, 449), and citations. The court did not err in overruling special ground 6.

■ The court did not err in refusing to give in charge to the jury a request that, "if you should find from the evidence that the defendant was guilty of negligence in any particular charged in the petition, and that such negligence on the part of the defendant was discovered by the decedent, Miley Patterson, or, in the exercise of ordinary care, he, Miley Patterson, could have discovered such negligence of the defendant in the use by Miley Patterson of his senses of sight and of hearing and in an ordinary diligent way could have avoided the collision and his death, the plaintiff, Mrs. Patterson, can not recover and it would be your duty to find a verdict in favor of the defendant railway company." The judge charged the jury in almost the identical language contained in this request, and fully covered this principle of law in his main charge to the jury. This ground of the motion is without merit.

■ In special grounds 8, 10, 11, 12, 13, and 14, error is assigned on the refusal of the court to give certain other requests to charge. The general charge presented to the jury every applicable theory of the plaintiff and the defendant. It was full and fair and stated the issues and the law applicable thereto in language which the jury could easily understand. The principles contained in the requests, in so far as pertinent and applicable, were covered by the general charge, which was fair and comprehensive. The court did not err in failing to give the requests or in overruling special grounds 8, 10, 11, 12, 13, and 14. *Sheehan* v. *Augusta,* 71 *Ga. App.* 233 (3) (30 S. E. 2d, 502) ; *American National Insurance Co.* v. *Nelson,* 69 *Ga. App.* 537 (26 S. E. 2d, 203) ; *National Life & Accident Ins. Co.* v. *Dorsey,* 69 *Ga. App.* 734, 740 (26 S. E. 2d, 654) ; *Lamb* v. *Fedderwitz,* 72 *Ga. App.* 406 (7) (33 S. E. 2d, 839).

■ The court did not err in refusing a request to charge that the plaintiff must show that there had been a common use by the

public of the crossing in question, and that the agents and servants of the defendant in charge of its train had knowledge of this common use by the public, before she would be entitled to recover. It is not essential that the use of a private way or crossing, such as the one here involved, be by the general public, but it is sufficient if the use is by the people of a certain neighborhood or community, or by certain designated persons. In the present case, there was evidence that the crossing had been maintained by the defendant railway company for vehicular traffic for more than 20 years, and that it had been used by the people of the neighborhood and by the plaintiff's husband and his family and by certain named persons in the community for many years, and that the employees of the railroad company in charge of this particular train had knowledge of this. This was sufficient to show that the road was used as a private way, and the court correctly instructed the jury as to the law applicable to a private crossing. The court did not err in overruling special ground 9.

The verdict is supported by evidence and has the approval of the trial judge, no error of law appears, and he did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*