## WIMBERLY *v.* JONES.

No. 17681.  Argued November 14, 1951—Decided January 16, 1952— Rehearing denied January 29, 1952.

*Jas. H. Dodgen* and *H. E. Edwards,* for plaintiff in error.

*Mitchell & Mitchell* and *Stephens Mitchell,* contra.

Almand, Justice.  This case originated as an action for the legal partition of a tract of land known as 817 Park St., S. W., in the City of Atlanta, and was brought by Beatrice W. Jones against Mattie Belle Wimberly; it being alleged that the plaintiff and the defendant were tenants in common, each owning an undivided one-half interest in the described property.  After partitioners had been appointed, they reported to the court that the property could not be equitably divided in kind by metes and bounds, and recommended that it be sold and the proceeds be divided.  Thereupon the plaintiff filed an amendment to her petition, praying that three commissioners be appointed to conduct a sale of the property, and for an order of the court directing the defendant to show cause why the prayers of the plaintiff should not be granted.  The defendant filed her objections, on the grounds that the plaintiff did not have a legal title, right, or interest to any part of the tract sought to be partitioned, and that two described deeds executed by the defendant to the plaintiff, one in 1945 and one in 1946, purporting to convey an interest in the property in question, were void, because at the time the 1945 deed was made the defendant was incompetent to execute the same, having been adjudged to be a person of unsound mind, and because both deeds were executed in consideration of false and fraudulent promises and representations made by the grantee to the grantor.  She further set out an agreement between the plaintiff, the defendant, and others as heirs of Mrs. Callie B. Wimberly, all of whom owned undivided interests in the property which is the subject matter of this suit.  She prayed that the plaintiff be denied the right to have the return of the partitioners made the judgment of court; that said two deeds be surrendered and canceled; and that the agreement referred to, and a decree of court based thereon, be reformed and amended to

the effect that the plaintiff had no interest in the Park Street property. She further prayed for a judgment against the plaintiff for $2100.50, which she alleged was the amount the plaintiff received in a settlement of the estate with the heirs, which amount belonged to the defendant.

The case came on for trial before a court and jury, and at the conclusion of the introduction of evidence by both parties the court withdrew from the jury the prayers of the defendant's cross-action, and directed a verdict for the plaintiff on the prayers of her petition as amended, for partition by sale and division of the proceeds. The verdict returned found that the plaintiff and the defendant each owned an undivided one-half interest in the described property. Thereupon the court entered a decree, directing the commissioners to sell the property at public outcry and divide the proceeds equally between the plaintiff and the defendant. The defendant's motion for a new trial, on the general grounds and as amended, was overruled, and the case is here on exceptions assigning error on that order.

■ In the two special grounds of the motion for a new trial, it is charged that the court erred in directing a verdict because there was evidence on one or more issues in the case, as made by the cross-bill, which should have been submitted to the jury. These will be considered in connection with the general grounds of the motion. In our opinion, the verdict directed by the court was the only one that could legally have been returned.

As we view the case, it is unnecessary to determine whether the warranty deeds executed by the defendant to the plaintiff sought to be canceled, one dated in 1945 and one in 1946, were null and void, either by reason of the defendant not having mental capacity to execute them at the time they were dated, or because they were made in consideration of false and fraudulent promises made by the grantee to the grantor. We are of the opinion that the agreement dated April 7, 1947, and the decree of court based thereon entered on May 6, 1947, along with another agreement dated December 22, 1947, and a deed dated January 6, 1948, determine the respective interests of the parties to this case in the land in question. These agreements, the decree of court, and the deed just referred to, clearly show that at the time the petition for partition was filed in this case, the

plaintiff and the defendant each owned an undivided one-half interest in the property in question. It appears from the record that on April 7, 1947, the plaintiff and the defendant, along with Bennett M. Wimberly and Susan Everett Jones, were engaged in litigation involving the Park Street property, and in order to settle their differences and claims as against one another, they entered into the written agreement above referred to, wherein it was stipulated that a decree be entered in the pending litigation, declaring that Bennett M. Wimberly and Susan Everett Jones each owned a one-third undivided interest, and that the plaintiff and the defendant each owned a one-sixth undivided interest, in the Park Street property, and under this agreement a decree so providing was entered by the court on May 6, 1947. It also appears that all of these parties, on December 22, 1947, entered into another agreement, which recited that the respective interests of the four parties thereto were as stated in the agreement of April 7, 1947, that is, Bennett M. Wimberly and Susan Everett Jones each owned a one-third interest, and Mattie Belle Wimberly and Beatrice W. Jones each owned a one-sixth undivided interest, in the Park Street property. In this agreement, Bennett M. Wimberly and Susan Everett Jones agreed to execute and deliver to the plaintiff and the defendant a limited warranty deed conveying to them all right, title, and interest of the grantors in the Park Street property, and stipulated that at the time said deed was executed, said Bennett M. Wimberly and Susan Everett Jones would pay to the plaintiff and the defendant each $2800 in cash, representing their interests in other property of Mrs. Callie B. Wimberly's estate. It was further agreed that, upon the execution and delivery of this deed and the payment of this money, the same should operate as a release and discharge of the parties from all claims and demands against each other, and that the plaintiff and the defendant would jointly own absolutely and in fee simple the Park Street property, and neither party would have any claim or demand of any kind against the other, and that such settlement could be pleaded and would act as a complete bar of any claim in any court of competent jurisdiction. It further appears from the record that on January 6, 1948, Bennett M. Wimberly and Susan Everett Jones conveyed by warranty deed all their title and interest in the

Park Street property to the plaintiff and the defendant. Under these agreements and this deed, it is shown that the plaintiff and the defendant each owned a one-half undivided interest in this property. Therefore the evidence demanded a verdict accordingly.

■ The defendant insists that the agreement of April 7, and the decree of court based thereon of May 6, 1947, should be amended and reformed because of certain fraudulent and false promises and agreements made by the plaintiff, which caused the defendant to be lulled into a false sense of security and to acquiesce in said decree. The defendant claims that there was sufficient evidence in the record in this regard to go to the jury.

The record is entirely silent as to anyone making any representations to the defendant about the cash proceeds at the time the defendant signed the agreement of April 7, 1947, or at the time the decree was entered on May 6, thereafter, and according to the record none were made at the time the agreement of December 22, 1947, was made. It is apparent from the testimony of the defendant that any representations referred to by her were made in 1946 or earlier. In the agreement which she signed on December 22, 1947, the defendant agreed that, upon payment to her of $2800, and upon her receipt of the deed from Bennett M. Wimberly and Susan Everett Jones, she would not have any claim or demand of any kind whatever against the plaintiff, and that the agreement would operate as a release and discharge by all the parties of all claims or demands that each might have against the other. Even if it be conceded that the defendant was entitled to a reformation of the agreement of April 7, and of the decree of May 6, 1947, in the absence of Bennett M. Wimberly and Susan Everett Jones as parties, the evidence in this regard was totally insufficient for the jury to pass upon the defendant's prayer for reformation.

It is further contended that the court erred in refusing to allow the jury to pass on the defendant's prayers for a money judgment in the sum of $2100.50. The defendant in effect alleged that, on the division of the cash of the estate, the plaintiff not only received her share, but also the share of the defendant. It appears from the evidence without dispute that Bennett M. Wimberly, who was acting in the nature of a trustee for the

heirs of Mrs. Callie B. Wimberly, paid the plaintiff and the defendant their proportionate shares of cash, as contemplated by the agreement of December 22, 1947, and that on January 21, 1948, the plaintiff received her share of $2100.50, being the $2800 less certain designated expenses, and under the testimony of the defendant it is apparent that she received her one-half share. On the issue as to whether the plaintiff was indebted to the defendant, the evidence was wholly insufficient to authorize the jury to find in favor of the defendant. It was not error for the court to withdraw from the jury the issues sought to be raised by the defendant's cross-action. *Crew* v. *Hutcheson,* 115 *Ga.* 511 (42 S. E. 16); *Williams Mfg. Co.* v. *Warner Sugar Refining Co.,* 125 *Ga.* 408 (54 S. E. 95); *Cook* v. *J. I. Case Threshing Machine Co.,* 17 *Ga. App.* 543 (1) (87 S. E. 832).

Therefore, the court did not err in directing a verdict for the plaintiff, and in subsequently overruling the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*