MACKEY *v.* MUTUAL AID, LOAN AND INVESTMENT COMPANY.

1. To an action brought by a corporation, a plea which alleges a contract made by the defendant with the plaintiff, through its officers and agents, is no basis for receiving evidence of a contract made by the defendant with individuals, setting forth certain undertakings which they as contracting parties are themselves to perform, and making no reference to the plaintiff or to any contract or undertaking by it or to any agency for it or for any one else. In this

case the contracts tendered in evidence were inadmissible because of a fatal variance from those described in the plea.

2. Plaintiff's case being fully made out, and no evidence being before the jury to support the plea, it was not error to direct a verdict for the plaintiff. The striking of the plea for want of evidence to support it was a harmless irregularity.

June 30, 1894.

Complaint.  Before Judge VAN EPPS.  City court of Atlanta.  September term, 1893.

BISHOP & ANDREWS and HULSEY & BATEMAN, for plaintiff in error.

F. A. QUILLIAN and C. L. ANDERSON, *contra.*

LUMPKIN, Justice.

1. The Mutual Aid, Loan and Investment Company brought an action against Mackey for $1,000.00 principal, as an advance from it to him on thirteen shares of its stock which he held, and for various other items. Among other things, the defendant pleaded, in substance, that being importuned by the officers and agents of the plaintiff, he was induced to buy from them a house and lot near Atlanta; that through these agents the company agreed to sell him the lot and build a house thereon according to certain plans and specifications agreed upon between them; and that throughout the transaction, it was acting through Evans its vice-president, Carter its secretary and treasurer, and Taylor its general manager; that the company had failed and refused to carry out its contract, and that he had expended a considerable sum of money in making needed improvements and repairs upon the house. By an amended plea, he alleged that Carter and Evans, as agents of the plaintiff, fraudulently procured him to enter into the contract before set out, by agreeing to erect upon the plaintiff's land, adjacent to the lot they were endeavoring to sell defendant, a church and school-house, and representing that they " would build a lake and boat-house, and would place therein boats."

The plaintiff made out its case and closed. The defendant, being introduced as a witness, testified that the contract for the sale of the land was in writing, and identified a bond for titles presented to him as the contract under which he went into possession. The court, on inspection of this bond, discovered that it was the individual contract of Carter and Evans to sell their own lands to Mackey, and that there was in it no covenant as to the church, school-house, lake or boats. The court thereupon rejected this paper as irrelevant, on the ground that Carter and Evans could not, in selling their own land, make promises that would bind the corporation of which they happened to be officers. Mackey also testified that the contract for building the house was likewise in writing, and identified a building contract signed by Douglass and Carter & Evans. The court also ruled out this document, because, on inspection, it appeared to be the individual contract of the parties who had signed it, and did not even purport to be a contract of the company.

That these rulings were correct, is manifest without discussion. Certainly the defendant could not defeat the plaintiff's action by showing that other persons, although they may have been its officers, had made contracts with him and utterly failed to perform the same— these contracts being in writing, and containing no reference to the plaintiff, or to any contract or undertaking by it, or any agency for it, or for any one else. The pleas may have set up a good defence, but the contracts tendered in evidence were inadmissible, because totally variant from those described in the plea.

2. After the evidence offered in support of the defendant's plea had all been ruled out, the court, on motion, struck the plea and directed a verdict for the plaintiff. That the plea was totally unsupported by evidence was no ground for striking it, but so doing was a mere harm-

less irregularity; and as the plaintiff's case was fully made out, and there was no evidence before the jury to sustain the plea, a recovery by the plaintiff was inevitable, and consequently there was no error in directing a verdict in the plaintiff's favor.    *Judgment affirmed.*