## SMOOT *v.* ALEXANDER *et al.*

No. 13839.  SEPTEMBER 11, 1941.

*Beck, Goodrich & Beck* and *James R. Davis,* for plaintiff in error.
*John H. McGehee Jr.,* and *W. M. Dallas,* contra.

DUCKWORTH, Justice. This is the second appearance of this case in this court. *Smoot* v. *Alexander,* 188 *Ga.* 203 (3 S. E. 2d, 593). On the first appearance the propounder of the will excepted to a judgment overruling his motion for a new trial, based upon general and special grounds. This court sustained a special ground of the motion based upon the illegal admission of certain testimony, and reversed the judgment, but sustained the judge on the other special grounds of the motion. Upon the retrial of the case the jury again returned a verdict in favor of the caveat. The case is now in this court upon exceptions to the overruling of the propounder's motion for a new trial, based upon the general grounds only.

In the second special ground of the motion for a new trial under consideration on the former appearance of the case complaint was made that the court erred in submitting to the jury the question whether the paper was properly executed as required by law, the movant contending "that there was no evidence upon which the jury could predicate a verdict that the paper was not executed as required by law," and therefore that the caveators were given the benefit of a theory to which they were not entitled under the evidence. After stating the principle of law that the propounder of the alleged will has the burden, in the first instance, of making out a prima facie case, by showing the factum of the will and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and in making it acted freely and voluntarily, this court said: "Considering this principle in connection with the pleadings and the evidence, the judge did not err" in giving the charge complained of. By making this decision this court necessarily determined that the jury would have been authorized to render a verdict for the caveators on the issue of the proper execution of the will. It is error to give in charge a contention of a party not supported by evidence. *Hixon* v. *Myers,* 144 *Ga.* 408 (3) (87 S. E. 475). This principle is applicable to the contentions of caveators to the probate of a will. In *Crutchfield* v. *McCallie,* 188 *Ga.* 833 (5 S. E. 2d, 33), it was held that it was error for the judge to submit to the jury the issue of undue influence where the evidence was not sufficient to authorize the jury to render a verdict against the will on that issue. See also *Davis* v. *Frederick,* 155 *Ga.* 809 (118 S. E. 206). Since it would have been

error for the judge to charge on the contention of the caveators that the will was not properly executed as required by law if there had been no evidence to support a verdict on this issue, the ruling of this court approving the charge on this subject necessarily determined that there was such evidence.

It is well settled that a decision of this court becomes the law of the case, and can not thereafter, upon a subsequent appeal of the same case, be modified or overruled. *Gray* v. *Conyers,* 70 *Ga.* 349; *Burke* v. *Ledsinger,* 115 *Ga.* 195 (41 S. E. 682); *Western & Atlantic Railroad Co.* v. *Third National Bank of Atlanta,* 125 *Ga.* 489 (54 S. E. 621); *Dixon* v. *Federal Farm Mortgage Corporation,* 187 *Ga.* 660 (1 S. E. 2d, 732). A careful reading of the two records discloses that the evidence in the present record with reference to the execution of the will is in all material respects substantially the same as that contained in the record upon the former appearance of the case. It follows that the former ruling of this court that this evidence was sufficient to authorize a verdict against the will is the law of the case, and that the judgment overruling the motion for a new trial must be

*Affirmed. All the Justices concur.*