29392.   DEPARTMENT OF REVENUE *v.* STEWART.

DECIDED APRIL 21, 1942.

*Ellis G. Arnall, attorney-general, Andrew J. Tuten* and *Claude Shaw, assistant attorneys-general,* for plaintiff.

*Boykin & Boykin,* for defendant.

GARDNER, J.   The Department of Revenue, through its commissioner, issued an income-tax fi. fa. against W. J. Stewart for the year 1939.   This fi. fa. was levied on property belonging to de-

fendant. The defendant filed his affidavit of illegality, executed a bond as required, both of which were returned by the sheriff to the superior court of Carroll County, the residence of the defendant. The plaintiff filed demurrers, both general and special, which were overruled. After the court overruled the demurrers, plaintiff made a motion to continue the trial until the appellate court could pass on the contentions of plaintiff that the court had erred in overruling the demurrers. The court overruled this motion, and ruled the case to trial. Whereupon the plaintiff moved to dismiss its levy. This was refused by the court. The plaintiff insisted orally that it had a right to dismiss the levy; the court held otherwise, and the case proceeded to a trial before a jury. After the introduction of evidence by both parties the court directed a verdict for the defendant and entered up judgment thereon in favor of the defendant. By a direct bill of exceptions the plaintiff brings the case here for review, contending that the court erred, not only in the direction of the verdict, but in several other particulars. After the bill of exceptions was signed by the judge the defendant petitioned the court to certify additionally to other facts which transpired and entered into the case which were not set forth in the bill of exceptions of the plaintiff. The court certified the correctness of these allegations of defendant's petition. The details of what happened in the court below as certified by the judge will be dealt with hereinafter as occasion arises.

■ There were several cases of the plaintiff against defendant of like issues, tried together, involving different years, to wit: 1936, 1937, 1938, and 1939. The affidavit of illegality contains a number of allegations to the effect that the items of income tax at issue for the several years were barred by the statute of limitations. This contention, however, is abandoned as to each year now before this court except 1936. This opinion is concerned only with the year 1939. Hence, we will not deal with the contentions of the demurrers with respect to the statute of limitations. We will deal only with whether or not the court erred in overruling the demurrers, both general and special, to the allegations of the affidavit of illegality as to other features of the case. To do this we think it expedient to set forth the germane allegations of the affidavit and of the demurrers, which are as follows:

"That the said affiant does not owe the State of Georgia, nor

the Department of Revenue, and is not indebted to it in any sum whatever, for income tax for the year 1939. a. Affiant says that he made a return for the year 1939 to the Department of Revenue of the State of Georgia, filed the same with the Department of Revenue, and that the same was accepted by the Department of Revenue of the State of Georgia, and held by it from the time of making the return in 1939 until June 11, 1941. That this acceptance of this return by the same was accepted by the Department of Revenue of the State of Georgia, and held by it from the time of making the return in 1939 until June 11, 1941. That this acceptance of this return by the State of Georgia and the Department of Revenue thereof and the holding of the same constitutes a complete and valid defense to the validity of said fi. fa. The statute of limitation having run, the plaintiff is estopped from making a levy under said fi. fa., and from making any assessment for the year 1939, and by its own laches is estopped from making any assessment for said year, or from issuing any fi. fa. thereon. b. That the return made by this affiant, which was filed and accepted by the Department of Revenue of the State of Georgia was a correct return of affiant's income tax for said year, and showed no liability under said return filed by him, nor is he due the Department of Revenue of the State of Georgia any sum whatever for said year. c. An abstract of the return made by affiant, which is hereto attached, marked exhibit 'A' and made a part hereof, is a true and correct return of affiant for said year. Wherefore, affiant prays: 1. That this his affidavit of illegality be sustained on each and every ground therein set forth. 2. That the said fi. fa. issued by the Department of Revenue of the State of Georgia be declared null and void and ordered cancelled of record. 3. That the clerk of the superior court of Carroll County, Georgia, be directed to cancel the same of record in his office, and off the general execution docket of Carroll County.

"Exhibit A:

Gross receipts:

| | |
|---|---|
| Deposits—Peoples Bank ....................... | $26,305.76 |
| Capital receipts (deduct) | |
| Municipal bonds redeemed............. $5,161.82 | |
| Municipal-bond interest non-taxable | |
| Loans, notes repair.................. 8,571.01 | |

| | | |
|---|---:|---:|
| Funds held in trust | 1,859.50 | |
| Tenants accounts collected | 137.87 | |
| Recovery loss bank deposit | 94.25 | |
| Contra bank deposits | 132.08 | 15,956.53 |
| | | |
| Gross revenue receipts | | $10,349.23 |
| Deductions: | | |
| Farm expenses | $661.50 | |
| Repairs | 310.89 | |
| Telephone, lights, water, fuel | 257.68 | |
| Insurance | 397.44 | |
| Taxes | 2,260.37 | |
| Donations | 305.00 | |
| Fertilizer purchase | 2,012.05 | |
| Hay oats purchases | 474.42 | |
| Depreciation | 1,356.08 | |
| Fire loss | 433.00 | |
| Bad debts | 560.76 | |
| Loss farm animals | 275.00 | 9,304.19 |
| | | |
| | | $1,045.04 |
| Personal exemption credit for dependents | | 2,500.00 |
| | | |
| Net taxable income | | Nil." |

The demurrers are: "Plaintiff in fi. fa. specially demurs to that part of paragraph 3 which reads: 'That the said affiant does not owe the State of Georgia, nor the Department of Revenue, and it is not indebted to it in any sum whatever, for income tax for the year 1939,' on the ground that the same is a conclusion of the pleader and without facts to support it. Plaintiff in fi. fa. desires to have fully disclosed the facts on which this conclusion is based. Plaintiff in fi. fa. specially demurs to that part of paragraph 3 (a) which reads: 'The statute of limitation having run, the plaintiff is estopped from making a levy under said fi. fa., and from making any assessment for the year 1939, and by reason of its own laches is estopped from making any assessment for said year, or from issuing any fi. fa. thereon,' on the ground that the same is a conclusion of the pleader which is without facts or dates to support it. Plaintiff in fi. fa. specially demurs to that part of paragraph 3 (b)

which provides: 'That the return made by this affiant, which was filed and accepted by the Department of Revenue of the State of Georgia, was a correct return of affiant's income tax for the said year, and showed no liability under said return filed by him, nor is he due the Department of Revenue of the State of Georgia any sum whatsoever for said year,' on the ground that the same is a conclusion of the pleader and is without facts to support it. Wherefore plaintiff in fi. fa. prays that each and every one of these demurrers be inquired into by the court, and that the same be sustained, and the affidavit of illegality dismissed with the cost of this proceeding assessed against defendant in fi. fa."

It might be stated here that counsel for plaintiff, in their argument, make mention that no proper bond was executed by the defendant and returned by the sheriff to the clerk of the court. It is urged that for this reason the court should have sustained the general demurrer. The record does not reveal, either in the bill of exceptions or elsewhere, that a proper bond was not executed by the defendant as required by law. On the contrary it does appear from the record that a bond was executed and accompanied the record to this court. We see no merit in this contention. The office of a general demurrer is the means of reaching defects in substance. The office of a special demurrer is to compel the party to set forth his contentions plainly, fully, and distinctly, where this has not been done. Applying this rule to the allegations as contained in the affidavit of illegality as above set forth, we do not think that this contention is meritorious. See *Wrightsville & Tennille Railroad Co.* v. *Vaughan,* 9 *Ga. App.* 371 (71 S. E. 691), and cit., particularly *Kemp* v. *Central of Georgia Railway Co.,* 122 *Ga.* 559 (50 S. E. 465). By reference to the allegations of the affidavit it will be noted that the return is itemized, and defendant says in substance that it included his entire income for 1939; that he owed no tax for that year as was revealed by the return, and that the return was correct. It would seem from casual thinking that if the State was in possession of items that had not been returned and which the defendant had overlooked honestly, the plaintiff would need no further information regarding it (the defendant was presumed to make an honest return), and if the defendant had miscalculated the tax on the return, as a claim for exemptions or deductions not allowable under the law, the plaintiff would have

known this, else it would not otherwise have issued the fi. fa. It must be remembered that the plaintiff issued the fi. fa. from information arising either from the items of the return itself or from items not returned or contained in the return. We think the court properly overruled the general and special demurrers.

■ We come next to consider whether the court committed reversible error in denying a continuance after the overruling of the demurrers. The record reveals no reason to hold that the court abused its discretion. On the contrary the court certifies the following: "On the call of this case for trial, at the regular term, in its place on the calendar, after the overruling of the demurrers by this court, counsel for plaintiff in error requested the court to continue the case in order that he might prepare a bill of exceptions, but no bill of exceptions was tendered to the court, and the court directed the case to proceed to trial. It appearing to the court at that time that counsel for the plaintiff in error and counsel for defendant in error had agreed that this case would be tried at this the regular October term of the court, and that counsel for defendant in error, in view of this agreement, had deferred the pressing of an equitable bill which they had pending in this court between the same parties." The court did not err in ruling the case to trial.

■ After the court denied a continuance, plaintiff moved orally to dismiss the levy and did orally dismiss said levy. The court refused to permit the plaintiff to dismiss the levy and ordered the case to trial. The plaintiff contends that this was error. A levy under a fi. fa. of the sort before us, after being arrested by an affidavit of illegality under the statute, operates, so far as the trial is concerned, as a mesne process for the purpose of commencing the action. The law applicable to common-law fi. fas. on general executions is not generally applicable. *Heard* v. *Sibley,* 52 *Ga.* 310; *Stone* v. *Davidson,* 56 *Ga.* 180; *Coffin* v. *Bennett,* 164 *Ga.* 350 (138 S. E. 670). These authorities hold that such a fi. fa. is the beginning of the suit, and after levy the litigation is the same as an ordinary action. The court did not err in this respect.

■ We come next to consider whether the court erred in directing a verdict for the defendant. To determine this it is necessary to consider the position of the parties with reference to the burden of proof in this case as it applied to the plaintiff and the defendant

under the pleadings and during the progress of the trial. "Burden of proof" has a dual sense. Some authorities denominate the term "burden of proof" as made by the pleadings on the one hand and burden of evidence on the other. In *Hyer* v. *Holmes, 12 Ga. App.* 837 (79 S. E. 58), Judge Russell, rendering the opinion, thus states it: "The position of the 'burden of proof' is determined by the pleadings, and as to this the burden of proof is unchanging; once imposed it remains. But the burden of testimony may be shifted and alternate between the parties according to the contingencies and crises of the trial." The rule as stated in *Hawkins* v. *Davie, 136 Ga.* 550, 552 (71 S. E. 873), is as follows: "Generally the burden of proof in the sense first mentioned rests where the pleadings originally placed it. Thus, if the plaintiff alleges a right to recover, and the defendant denies his allegations, without more, the plaintiff, upon the case as a whole, carries the burden of proof, that is the burden of showing, by a preponderance of the evidence, that he is entitled to recover. If the defendant does not file a denial of the plaintiff's allegations, but admits in his pleadings a prima facie case in favor of the plaintiff, and sets up an affirmative plea, such as a plea of confession and avoidance, he assumes the burden. Civil Code (1910), § 5746. During the progress of the case, the burden of introducing evidence as to particular facts or issues may be shifted one or more times. One party may introduce evidence touching a particular fact, which would be sufficient prima facie to establish such fact, if not rebutted. In this sense, the burden may shift from one party to the other in the progress of the trial; and it is this shifting to which reference is made in the Civil Code (1910), § 5747, which declares that 'what amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court.'"

Thus it will be seen that the burden originally placed by the pleadings in this case rested with the plaintiff. Recognizing this, the plaintiff, in order to make out its case, first introduced the fi. fa. and rested. This evidence made out a prima facie case for the plaintiff. The burden of introducing testimony, or the burden of evidence, moved to the defendant. The defendant, taking up this burden of testimony which was then cast upon him, and in support of his allegations of illegality, introduced the following

evidence, first by testimony of defendant as follows: "I have all of my return here. This return attached to the affidavit of illegality is correct. All of my books are here, which will and do show that I do not owe any taxes to the State of Georgia for this year." Eric Johnson, auditor for the defendant, testified: "I am an auditor. I have audited the books of W. J. Stewart for the year 1931 through 1939. I have examined the exhibit attached to the affidavit of illegality filed by W. J. Stewart in this case, and in the other eight cases pending, which includes the years 1931 through 1939. This exhibit attached to his affidavit of illegality is correct. It is taken from an audit made of his books. He does not owe the State of Georgia any taxes for the year in question."

After the introduction of the above-quoted testimony the defendant rested. The court inquired of the plaintiff if it had any further testimony. Counsel for the plaintiff replied that they had no further testimony. The question here to be determined is whether the burden of evidence had been shifted back to the State. The judge held that it had been. Was such ruling error? Code § 38-104 reads as follows: "What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court." This section has no application to the burden of proof placed by the pleadings. The law therein announced applies only to the burden of evidence which may, as we have seen, as to any particular fact or issue, shift from one party to the other. As to the discretion which the law of this section invests in the trial judge, he may call to his assistance in reaching a correct decision other well-recognized and fundamental principles of procedure and practice which are so well recognized that they take the form of substantive evidence. The judge may consider the question of peculiar knowledge. We think it may be assumed that the plaintiff, before issuing the fi. fa. in question, was in the position of having definite knowledge on which it based the issuance of the fi. fa. If the defendant had inadvertently or ignorantly left out an item, or made deductions to which he was not entitled, the plaintiff evidently knew it, or the fi. fa. would not have been issued. See *Phillips* v. *Lindsey*, 31 *Ga. App.* 479 (120 S. E. 923). We think the judge was safely within his rights to assume that the defendant was presumed to make an honest return, and that this presumption, coupled with the itemized return itself,

warranted him, in his discretion, in holding that the burden of evidence had been shifted from the defendant. It was held in *Metropolitan Street Railroad Co.* v. *Powell,* 89 *Ga.* 601 (6) (16 S. E. 118) : "The party on whom the burden of proof rests is entitled to the aid of all legal presumptions arising out of the facts established, and if these presumptions, added to the established facts, make a prima facie case, the burden is shifted to the other party." We are not unthoughtful, and do not mean to imply that the plaintiff is not likewise presumed to have in good faith issued the execution, because we know that it did issue the execution in good faith. But this fact would not alter the situation, for the reason, as we have above stated, the plaintiff had good and sufficient reason, as it calculated, to issue the fi. fa. Therefore we are constrained to hold that the burden of proof, as placed by the pleadings, and the burden of evidence having thus been shifted back to the plaintiff, the plaintiff failed to make out his case and the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*