## Davis . v. Wight.

Candler, Justice. This is the second appearance of this litigation in the Supreme Court. It is a suit in ejectment for the recovery of a small triangular-shaped parcel of land in Fulton County, Georgia, with no prayer for mesne profits. When it was here before (*Wight* v. *Davis,* 202 *Ga.* 239, 42 S. E. 2d, 641), we held, under the pleadings as they then stood and the proof submitted in support thereof, that the court erred in directing a verdict for the defendant (Mrs. Davis); and that a verdict for the plaintiff (Mrs. Wight) was demanded by the evidence. Since then the defendant has, in several respects, materially amended her answer, has withdrawn and dismissed her cross-action, and on another trial the court has directed a verdict for the plaintiff (Mrs. Wight). To the direction of that verdict, Mrs. Davis excepted and by direct bill of exceptions brought the case to this court again for review. *Held:*

1. Both as to the pleadings and the evidence, the present case is substantially different from what it was when here before. This being true, our former ruling is not controlling as the law of the case. See *Sanderlin* v. *Sanderlin,* 27 *Ga.* 334; *Dixon* v. *Federal Farm Mortgage Corp.,* 187 *Ga.* 660 (1 S. E. 2d, 732); *Smoot* v. *Alexander,* 192 *Ga.* 684 (16 S. E. 2d, 544); *Rackley* v. *Miller,* 200 *Ga.* 717 (38 S. E. 2d, 404); *Rivers* v. *Brown,* 200 *Ga.* 49, 52 (36 S. E. 2d, 429), and the cases there cited.

2. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. Stated differently, it is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. *Hughes* v. *Cobb,* 195 *Ga.* 213, 230 (23 S. E. 2d, 701); *Yablon* v. *Metropolitan Life Ins. Co.,* 200 *Ga.* 693, 703 (38 S. E. 2d, 534). "And a verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Norris* v. *Coffee,* 206 *Ga.* 759 (58 S. E. 2d, 812).

3. The parties to this litigation are coterminous landowners, and the true location of the dividing line between their adjacent lands is the real controversy between them. Each claims that the small triangular-shaped parcel of land in dispute is a part of her respective boundary. At the trial now under review, the plaintiff introduced both oral and documentary evidence; the defendant offered none. Among the documents introduced by the plaintiff were certain plats prepared by L. H. Fitzpatrick and E. L. Boggus from surveys they separately made of the tracts; and those plats show that the plaintiff's land and the defendant's land are separate and distinct tracts, with no overlapping on each other, and that the land in dispute is a part of Mrs. Wight's tract. Fitzpatrick's survey was made in 1944, Boggus's later; but, as a witness for the plaintiff, Boggus said: "I did not establish any lines myself independently of the notes of Mr. Fitzpatrick." On direct examination, Fitzpatrick in substance testified positively that his survey of the two

tracts was accurate, correctly located the dividing line in controversy and showed that the land in dispute was in fact a part of Mrs. Wight's tract; but, on cross-examination, he said: "All I can do is the best I can do in 1950 or 1944, reconstruct on the ground as nearly as I can the lines that I, in my opinion, think represent the lines the parties intended in 1906 when they made the deed. And I am handicapped by obliteration of landmarks, by covering up of land-lot lines, and the word 'about' in one place and 'a little south of east' in another. It is still a question for someone to decide where that line is. There isn't anything that can be made definite except those dimensions there, and that is assuming that the starting point is right and that the land-lot line is where I show it." The plaintiff's chain of title was in evidence. Mrs. Julia O'Keefe Nelson, as the record shows, is her predecessor in title, and the words "about" and "a little south of east," as referred to by the witness Fitzpatrick, had reference to the descriptive averments in the deed to Mrs. Nelson, which described the land presently claimed by the plaintiff, Mrs. Wight, as follows: "Beginning on the eastern side of Peachtree Road *about* 80 feet south of the northern line of said land lot at the property of Mrs. Nannie T. Smith, and running from thence south along the eastern side of Peachtree Road 240 feet; thence *a little south of east* 252.5 feet to the east line of said land lot; thence north along the eastern line of the land lot 248.6 feet to Smith's line; thence west along Smith's line 193 feet to beginning point." And the line described in the Nelson deed as "thence a little south of east 252.5 feet to the east line of said lot" is the parties' dividing line here in controversy. As it related to the location of the plaintiff's south boundary line—the line in controversy—under Fitzpatrick's testimony a verdict was not demanded.

4. Applying the rule announced in 2 above, the evidence did not demand a verdict in favor of the plaintiff; and the direction of such a verdict was, accordingly, erroneous.

*Judgment reversed. All the Justices concur.*

No. 17348. FEBRUARY 14, 1951.

*Grant, Wiggins, Grizzard & Smith,* for plaintiff in error.
*Lokey & Bowden* and *John L. Westmoreland,* contra.