36493, 36494. BLACKWELL *v.* SOUTHLAND BUTANE GAS COMPANY; and *vice versa.*

DECIDED FEBRUARY 12, 1957.

*Gordon M. Combs,* for plaintiff in error.
*J. G. Roberts, Dunaway & Embry,* contra.

CARLISLE, J. The decision in a case on a former appeal is the "law of the case" on a subsequent appeal in the same case (*Scogin* v. *Beall*, 54 *Ga.* 499; *Norton* v. *Paragon Oil-Can Co.*, 105 *Ga.* 466, 30 S. E. 437; *Burke* v. *Ledsinger*, 115 *Ga.* 195, 41 S. E. 682; *City of Douglas* v. *Union Banking Co.*, 179 *Ga.* 798, 177 S. E. 595); and, where on a new trial had upon the remanding of the case by an appellate court, no new facts are developed, the appellate court on a subsequent appeal cannot modify or overrule the law of the case as fixed in the first appeal (*Dixon* v. *Federal Farm Mortgage Corp.*, 187 *Ga.* 660, 1 S. E. 2d 732; *Smoot* v. *Alexander*, 192 *Ga.* 684, 16 S. E. 2d 544); and, a decision rendered by an appellate court upon facts appearing in the record, in which the legal effect of the facts is declared, is, in all subsequent proceedings in that case, and so long as the facts themselves appear without material qualification, a final adjudication of the rights of the parties, from which the court cannot depart, nor the parties relieve themselves. *Sanderlin* v. *Sanderlin*, 27 *Ga.* 334.

Under the decision of the Supreme Court in this case (*Southland Butane Gas Co.* v. *Blackwell*, 211 *Ga.* 665, 88 S. E. 2d 6), the status of the plaintiff's son was fixed in effect as that of a trespasser upon the highway, as the defendant's driver was held to be under no duty to anticipate his presence on the highway in a reposing position, and it was held that the only duty owed him as a trespasser by the defendant's driver was not to injure him wilfully or wantonly after his presence became *actually known*. The evidence on the new trial shows without dispute that the defendant's driver did not see the plaintiff's son lying on the highway until the defendant's truck was within 12 or 14 feet of him, and that the driver, after discovering his presence, did everything possible to avoid striking him. This evidence for all practical purposes is precisely the same as that which was before the Supreme Court on the first appeal, and the Supreme Court on that appeal ruled that a verdict was, under that evidence, demanded for the defendant. The trial court, consequently, under the law of the case as fixed by the Supreme Court, was compelled to direct the verdict for the defendant, and properly did so.

*Judgment on the main bill affirmed; cross-bill dismissed. Gardner, P. J., and Townsend, J., concur.*