### 37797. MANSFIELD *v.* STANDARD OIL COMPANY OF KENTUCKY.

394

DECIDED SEPTEMBER 25, 1959—REHEARING DENIED
OCTOBER 14, 1959.

*Wm. A. Ingram,* for plaintiff in error.

*J. R. Cullens, Spalding, Sibley, Troutman, Meadow & Smith, Richard A. Denny, Jr.,* contra.

NICHOLS, Judge. The defendant admitted a prima facie case in the plaintiff and assumed the burden of proving its affirmative defense, to wit—that it could not obtain a *permanent* right of

direct access to the main arteries of travel of the four-lane highway, located adjacent to the property leased, from the State and therefore under the above quoted provisions of the lease it was relieved from paying rent.

The evidence showed without dispute that application was made to the State for permission to construct driveways from the main arteries of travel of the highway to the site of the proposed service station to be operated by the defendant, but that the State would not grant such permission without a clause in the permit to the effect that it reserved the right to withdraw such permission at some future date if conditions should so require. The evidence further showed that in the event such permission was revoked at a future date all service stations would be denied the right of *direct* access to the main arteries of travel of the highway and would be required to do business from "service roads" which would parallel the main arteries of travel and which would provide access to and from the main highways at interchanges located every two to five miles, and that the sole purpose of putting the restrictive clause in the forms granting permission to construct driveways from the main arteries of travel was to put the people on notice that at some future date the highway *may* be used as a "limited access" highway.

The evidence did not show that up until the time of the trial the defendant had been refused any license or permit to operate a service station, nor did it show that it would not be permitted licenses or permits in the future, but at the most merely showed that there was a *possibility* that at some future date it would only be able to carry on its business from a service road rather than directly from the main arteries of travel of the highway.

The defendant's pleaded affirmative defense was that it had been unable to secure a permit which would allow it unlimited direct ingress and egress to and from the subject property onto and off of U. S. Highway 41, the four-lane highway, while the evidence showed that such permit could have been obtained but that the defendant was skeptical about its lease because its right of access to the highway might in the future be limited. Had the State Highway Department not placed any restriction in the permit, no additional vested right would have been in the de-

fendant to go directly from its leased premises to the main arteries of travel, for under the act of 1955 (Ga. L. 1955, p. 559; Code, Ann., Ch. 95-17A), the State Highway Department may declare certain *existing* highways as "limited access" highways, and while the location of driveways to and from highways is to some extent discretionary with the State Highway Department, (see *State Highway Board* v. *Baxter,* 167 *Ga.* 124, 144 S. E. 796), neither the State nor any agency created by it can recklessly and arbitrarily prohibit abutting property owners, or lessees of such property, the right of access to highways, nor can it in approving an application from such a property owner or lessee for a particular driveway or access route, as a condition to granting such approval, demand the future right to prohibit access to such property without paying just compensation, if in fact just compensation otherwise would be due. In other words, the mere fact that the defendant had been advised that the highway was declared to be a "limited access" highway and that under due process of law direct access to the main arteries of travel may be restricted in the future, would not be tantamount to a refusal to grant it any license or permit to do business at the location, and the placing of such notice of possible intention on the part of the State would in no wise alter the rights of the defendant to access to the main arteries of travel on the highway.

When the case sub judice was previously before this court it was held: "The provisions in paragraph 6 of the lease were not conditions precedent as to the beginning of the lease but were conditions subsequent, as defined by Code § 20-110, which would operate to relieve the lessee from making rental payments during any period that a license or licenses were not available to it." *Standard Oil Co. of Ky.* v. *Mansfield,* 97 *Ga. App.* 82 (102 S. E. 2d 85). Up until the time of the trial the defendant had not been denied access to the highway and no license or permit had been refused the defendant which would relieve it of any rental payments under the lease.

What has above been said is not intended to be a holding that when a highway is declared a "limited access" highway the State may require all owners of property abutting such highway to forego their right to direct access to the main arteries of travel

without just compensation, nor is it a holding that any compensation would be due under such circumstances, but is merely a holding that the State cannot, as a condition precedent to granting permission for a certain driveway to be constructed, require a forfeiture of any right that a landowner or lessee would otherwise have to just compensation under such circumstances. See *Dougherty County* v. *Hornsby*, 213 *Ga.* 114 (97 S. E. 2d 300), and citations as to the rights of owners of property abutting highways generally.

The defendant, who had admitted a prima facie case and assumed the burden of proof of his affirmative defense, failed to prove that any license or permit to do business had been refused it. Therefore, the trial court erred in denying the plaintiff's motion for a judgment in accordance with his motion for a directed verdict. *Brooks* v. *Ball*, 32 *Ga. App.* 48 (2) (122 S. E. 716); *Hall* v. *Beavers*, 78 *Ga. App.* 722 (3) (51 S. E. 2d 879). Accordingly, the judgment denying the plaintiff's motion for judgment non obstante veredicto is reversed with direction that judgment be rendered in accordance with such motion. *Southern Bell Tel. & Tel. Co.* v. *Brackin*, 215 *Ga.* 225 (109 S. E. 2d 782).

*Judgment reversed with direction. Felton, C. J., and Quillian, J., concur.*