21566.   LANSDALE CLOTHES, INC. v. WRIGHT.

ARGUED APRIL 10, 1962—DECIDED MAY 7, 1962.

818

*John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*R. F. Duncan,* contra.

DUCKWORTH, Chief Justice. ■ When the defendant admitted a prima facie case this entitled the plaintiff to a verdict

for the full amount sued for unless the defendant overcame this prima facie case by introducing evidence that would do so. Putting aside for the present consideration of the question as to whether or not the testimony introduced by the defendant amounted to any evidence, and assuming that it was evidence that would impeach the plaintiff's claim, the ruling we are asked to review is that, after such evidence was admitted, it was error to allow the plaintiff to rebut it by showing that the credits thus claimed were applied to other claims of plaintiff not listed on the statement of claim sued upon.

The Court of Appeals overlooked the fact that such evidence by the plaintiff was not offered for the purpose of enlarging or altering the claim sued upon but solely for the purpose of rebutting the evidence of the defendant. Self-defense is still lawful in or out of court. Had the plaintiff sought to introduce evidence to increase and add to the claim set forth in the amended petition without amending its claim to include such, it would have been error to admit the evidence over timely objection that it was not embraced in the claim sued upon. Being purely defensive and in no wise adding to the claim sued upon, the evidence was properly admitted.

■ But regardless of whether or not the rebuttal evidence dealt with in the preceding division was erroneously admitted, if the defendant's testimony failed to rebut the prima facie case, the direction of a verdict in favor of the plaintiff for the full amount sued for was demanded. *Georgia Power Co. v. City of Decatur*, 181 Ga. 187 (4) (182 SE 32).

Without here setting forth the testimony offered by the defendant for the purpose of showing credits on the claim of the plaintiff, its true character is revealed by stating that it showed some delivery of goods but utterly failed to say what value these deliveries amounted to in labor credits under the contract, or that they were not credited against the debts of the debtor. Such evidence would not authorize a jury to find any amount or to discount plaintiff's claim for any amount whatsoever. *Code Ann.* § 110-104; *Walton v. Johnson*, 213 Ga. 108 (1) (97 SE2d 310). The defendant offered no other evidence to overcome the prima facie case, which he admitted; therefore a verdict for

820

the full amount sued for was demanded. *Code* § 38-103; *Ray v. Marett*, 84 Ga. App. 86 (65 SE2d 646); *Mansfield v. Standard Oil Co. of Kentucky*, 100 Ga. App. 393 (1) (111 SE2d 151); *Richter v. Kilpatrick*, 143 Ga. 470 (4) (85 SE 319); *Baldwin v. McLendon*, 164 Ga. 387 (1) (138 SE 775). Accordingly, the judgment of the Court of Appeals reversing the action of the trial court in directing a verdict for the plaintiff is

*Reversed. All the Justices concur.*