39989. COMPLETE AUTO TRANSIT, INC. v. BAGGETT.

HALL, Judge. The plaintiff in error, hereinafter called the employer, assigns error on a judgment of the superior court affirming an award of the State Board of Workmen's Compensation. *Held:*

1. There was medical evidence that the claimant had a 35% disability due to falling from the employer's truck and that the claimant was unable to do manual labor but could only do light work. The claimant testified to the effect that the only work he had been qualified to do was manual labor and that he could no longer do this and had been advised by the doctor not to do heavy work, that he was not doing any kind of work, and that he had applied to the employer for light work. The claimant further testified that since his accident he had had an arrangement with a poultry company for raising chickens, but that his son did the heavy work. There was no evidence that he earned anything from this enterprise, or that he earned nothing. The evidence supported a finding that the claimant was totally disabled. The testimony about the claimant's raising chickens did not demand a finding that the claimant had an earning capacity and it was not per se inconsistent with a finding of total disability under *Code Ann.* § 114-404. The claimant was subject to cross-examination concerning his involvement in the chicken business.

Since the claimant's evidence was sufficient to establish his total disability, if the claimant had an earning capacity this fact

was essential to the employer's defense, and the employer had the burden of persuasion thereon, or the "risk of nonpersuasion" as it is termed by Wigmore. 9 Wigmore on Evidence 270, § 2485; 275, 278, § 2486; 285, § 2489; McCormick on Evidence 638, § 307.

Evidence sufficient to establish a proponent's case puts the adversary to the necessity of producing evidence to meet the prima facie case, or to produce evidence sufficient to create a state of equipoise between his proof and that of the adversary. *Hawkins v. Davie*, 136 Ga. 550, 552 (71 SE 873); *Hyer v. Holmes & Co.*, 12 Ga. App. 837, 846 (79 SE 58); *Phillips v. Lindsey*, 31 Ga. App. 479, 482 (2), 484 (4) (120 SE 923); *Davison Chemical Corp. v. Hart*, 68 Ga. App. 413, 417 (23 SE2d 107); 4 Jones on Evidence 1884, § 999; 1 Jones on Evidence 367, 368, § 205; 379, § 207; 31 CJS 718, § 110; 20 Am. Jur. 134, § 132; 137, § 134; 144, § 138.

2. The employer contends that the claimant did not carry the burden of proof of his average weekly wages upon which compensation could be determined. The record shows that the claimant testified as to the amount of his average weekly wages (which testimony is consistent with the award). The employer's counsel objected on the ground that this was not the best evidence and stated that he would provide for the board records of the claimant's average weekly wages. The case should be remanded to the board with direction that the employer be called upon to provide such records and that a finding be made based thereon and the award be revised accordingly.

An award of compensation was authorized.

*Judgment reversed with direction that the case be remanded to the board and that the award be revised in accordance with Division 2 of this opinion. Carlisle, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1963.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiff in error.

*William P. Johnson,* contra.