40072. MOORMAN v. WILLIAMS et al.

RUSSELL, Judge. 1. (a) A general assignment of error in the bill of exceptions to the judgment overruling a motion for a new trial is sufficient. *Huxford v. Southern Pine Co. of Ga.,* 124 Ga. 181 (1) (52 SE 439).

(b) "Where a bill of exceptions which can be identified as excepting to a specific judgment shall be served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court." *Code* § 6-912. Where two or more attorneys appear as attorneys of record in the case, both signing the answer of the defendant, appearing as counsel of record in the first appeal and also upon the second trial of the case, the bill of exceptions will not be dismissed because service thereof was acknowledged by one of the counsel of record who was not as a matter of fact leading counsel, although he was associated in the case.

The motion to dismiss the bill of exceptions is denied.

2. "A decision rendered upon a state of facts appearing in the record, in which the legal effect of those facts is declared, is, in all subsequent proceedings in the case, a final adjudication of the rights of the parties, from which the court cannot depart, nor the parties relieve themselves, so long as the facts themselves appear without material qualification." *Blackwell v. Southland Butane Gas Co.,* 95 Ga. App. 113 (97 SE2d 191). See also *Taylor v. Felder,* 11 Ga. App. 742 (76 SE 75); *Cook v. J. I. Case Threshing Machine Co.,* 17 Ga. App. 543 (87 SE 832); *Jarrell v. Seaboard Air-Line R.,* 21 Ga. App. 415 (94 SE 648); *Scott v. Sanders,* 27 Ga. App. 128 (107 SE 494); *Gray v. Payne,* 27 Ga. App. 553 (109 SE 179).

3. On the first trial of this cause of action, *Moorman v. Williams,* 103 Ga. App. 726 (1) (120 SE2d 312), the grant of a nonsuit was affirmed by this court as follows: ". . . the uncontradicted evidence in the case shows that the deceased could, in the exercise of ordinary care, have seen the truck entering into and crossing the public road when the automobile driven by the deceased was approximately 150 yards away, and that he could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, if any." The pleadings and evidence are set out in detail in that opinion. When the action was rebrought, the pleadings

remained the same. The testimony of L. T. Chester was the same, it being read into the record from the first trial. L. C. Lewis changed his testimony to the extent that he reduced the decedent's driving speed to between 30 and 50 miles per hour (all other testimony in the case indicating the decedent was traveling between 75 and 100 miles per hour); that he applied his brakes and skidded about 150 feet (all other testimony being that the measured skid marks were 238 feet) and that the witness never saw the tractor-trailer until the approximate moment of impact. Carter did not testify. Annie Williams testified that she saw nothing. There is in the case, however, uncontradicted testimony that it was daylight, the road was clear, level and perfectly straight with no visual impediment for 200 yards from the driveway where defendant's vehicle emerged to a church down the road, and uncontradicted evidence also places the decedent as crossing the railroad beyond the church at the time the defendant driver was entering the highway. It thus appears here as on the former trial that the decedent could in the exercise of ordinary care have seen the defendant's trailer in the roadway at a distance of over 150 yards and could in the exercise of ordinary care for his safety have avoided the collision.

Since under our decision in *Moorman*, supra, the evidence demands the verdict rendered, the eight special grounds of the motion for new trial complaining only of alleged inaccuracies in the charge will not be considered.

The trial court did not err in overruling the motion for new trial. *Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED APRIL 16, 1963.

*Harris, Chance, McCracken & Harrison, Henry T. Chance, Otis W. Harrison, H. T. Hicks,* for plaintiff in error.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe, Marvin B. Hartley, Jr., Emory L. Rowland,* contra.