40655. STANDARD ACCIDENT INSURANCE COMPANY et al. v. INGALLS IRON WORKS COMPANY.

DECIDED APRIL 15, 1964.

G. *Ralph Burger*, *Casper Rich*, for plaintiffs in error.

*Westmoreland, Hall & Pentecost, Harry P. Hall, Jr.*, contra.

HALL, Judge. It is the law of this case "that the proof here was sufficient to meet the test of circumstantial proof . . . , and that it was sufficient to raise a presumption that the steel was in fact used in the school job . . ."; the evidence being sufficient to make a prima facie case, the burden was on the defendants to overcome the presumption with some evidence. *Ingalls Iron Works v. Standard Ins. Co.*, 107 Ga. App. 454, 459, 460, supra. When the party to whom the burden of evidence has been shifted fails then to carry that burden, the trial court has authority to direct a verdict against him. *Mackey v. Mutual Aid Loan &c. Co.*, 94 Ga. 104 (2) (20 SE 643); *Department of Revenue v. Stewart*, 67 Ga. App. 281, 289 (20 SE2d 40); *Lansdale Clothes, Inc. v. Wright*, 217 Ga. 817 (2) (125 SE2d 502). The trial court's function in ruling on a motion for summary judgment is analogous to the function it performs when ruling on a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trior of the facts, and that the movant is entitled to judgment on the law applicable to the established facts. *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408); *One In All Corp. v. Fulton Nat. Bank*, 108 Ga. App. 142, 144 (132 SE2d 116).

The question here is whether the opposing affidavit contains

sufficient evidence to meet the defendant's burden to rebut the plaintiff's prima facie case. *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766, 768 (115 SE2d 374); *Scales v. Peevy,* 103 Ga. App. 42 (2) (118 SE2d 193); *King v. Fryer,* 107 Ga. App. 715, 717 (131 SE2d 203). The only evidence contained in the opposing affidavit that could possibly relate to this burden is that the defendant contractor paid its subcontractor certain sums and that "said money has been paid to" the plaintiff. Assuming arguendo that the affidavit meets the test for raising an issue of fact set out in *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442), and *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146 (132 SE2d 90), it presents no genuine issue in this case for the reason that the defendant contractor did not plead the defense of payment. The defense of payment must be specially pled by the principal debtor or added by amendment, otherwise, evidence of payment is irrelevant to the issues. *Code* § 81-307; *Rawleigh Co. v. Royal,* 30 Ga. App. 706 (119 SE 339); *Rahal v. Titus,* 107 Ga. App. 844, 848 (131 SE2d 659); *Wilkes v. Arkansas Fuel Oil Co.,* 60 Ga. App. 775 (2) (5 SE2d 269).

The defendant's objection that the plaintiff did not particularize his motion is without merit for the reason that the sole issue in this case was set out by this court in its previous opinion.

The trial court did not err in granting the plaintiff's motion for summary judgment.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*