## 46853. COTTON STATES MUTUAL INSURANCE COMPANY v. PROUDFOOT.

PER CURIAM. This is an appeal from a judgment for the plaintiff in a garnishment action to collect the amount for a prior judgment against the garnishee's insured. The insurer enumerates as error the denial of its motion for judgment notwithstanding the verdict and the granting of the plaintiff's motion for directed verdict.

1. The trial court erred in granting plaintiff's motion for directed verdict.

2. The trial court did not err in denying insurer's motion for judgment notwithstanding the verdict.

*Judgment reversed. Hall, P. J., Eberhardt, P. J., Deen, Quillian and Stolz, JJ., concur as to Division 1. Bell, C. J., Pannell, Evans and Clark, JJ., dissent. Bell, C. J., Pannell, Evans, Clark and Stolz, JJ., concur as to Division 2. Hall, P. J., Eberhardt, P. J., Deen and Quillian, JJ., dissent.*

ARGUED JANUARY 10, 1972—DECIDED JULY 13, 1972—REHEARING DENIED JULY 28, 1972—

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*Nightingale, Liles & Dennard, Thomas E. Dennard, Jr.,* for appellee.

HALL, Presiding Judge, dissenting from Division 2. In my opinion this court should reverse both the denial of the insurer's motion for judgment notwithstanding the verdict and the grant of plaintiff's motion for directed verdict.

This case was before this court previously on the denial of the insurer's motion for summary judgment. For an outline of the facts see *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (181 SE2d 305). At the trial of the case, additional evidence was introduced which materially changes the results of that decision. For example, Cotton States presented the deposition of its agent in California who had personally delivered to the insured the transportation money for her attendance at the trial on two occasions, had booked the reservations, and had offered her any other assistance necessary in making the trip. He had received her assurances that she would be present. Also, Cotton States introduced a letter written to the insured which made it clear that if she did not attend the trial on the second date set, it would disclaim any further responsibility in the matter and withdraw from her defense. It also reiterated that it *reserved* the right to claim breach of the non-cooperation clause while undertaking the defense of the suit. The record shows further that Cotton States *did* request a continuance when she failed to appear the second time, and it was denied. Since the evidence is substantially different from what appeared on prior review, the former ruling is not the law of the case. *Sams v. McDonald,* 119 Ga. App. 547 (2) (167 SE2d 668); *Davis v. Wight,* 207 Ga. 590 (1) (63 SE2d 405).

Therefore the issue of estoppel for failure to serve a reservation rights notice is removed from the case and the only question is whether the insurer acted with diligence and in good faith to obtain the insured's cooperation. *H. Y. Akers & Sons, Inc. v. St. Louis Fire &c. Co.,* 120 Ga. App. 800 (172 SE2d 355); *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819). *National Union Fire Ins. Co. v.*

*Carmical,* 99 Ga. App. 98 (107 SE2d 700); *State Farm Mut. Auto. Ins. Co. v. Wendler,* 117 Ga. App. 227 (160 SE2d 256); and *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658 (158 SE2d 278) are not in conflict with *Akers* and *Wolverine,* supra. In this regard see, 8 Appleman, Insurance Law and Practice 136, § 4782; 148, § 4784.

The appellee contends that Cotton States showed a lack of diligence when it refused to take its insured's deposition after she had failed to appear on the first date set for trial, especially in view of the court's instructions to take her deposition or procure her presence. He cites several cases from other jurisdictions which indicate that in order to rely upon non-cooperation, the insurer must take the deposition where there are reasons to believe the insured may not appear. He contends that the circumstances here were such as to rouse suspicion that she would not appear.

However, the evidence also shows that she assured the California agent, the company and its lawyer that she would definitely appear on the second date—that the personal problems which had kept her away the first time had been solved.

The question is: what must an insurer do in the way of procuring its insured's attendance in order to be deemed diligent? Recent Georgia law indicates that far less is necessary than was actually done here. "If the asserted breach is the insured's failure to attend the trial of a case, a showing of reasonable effort to notify him of the time and place of the trial, as scheduled by the court, and a request for his attendance is sufficient." *H. Y. Akers & Sons v. St. Louis Fire &c. Ins. Co.,* 120 Ga. App. 800, supra, Hn. 4, and *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556, supra, p. 557.

Where a party makes out a prima facie case and the other party fails or refuses to introduce any evidence, the court is required to direct the verdict. 88 CJS 674, 677, § 258.

"Evidence sufficient to establish a proponent's case puts the adversary to the necessity of producing evidence to meet the prima facie case, or to produce evidence sufficient

to create a state of equipoise between his proof and that of the adversary. *Hawkins v. Davie,* 136 Ga. 550, 552 (71 SE 873); *Hyer v. Holmes & Co.,* 12 Ga. App. 837, 846 (79 SE 58); *Phillips v. Lindsey,* 31 Ga. App. 479, 482 (2), 484 (4) (120 SE 923); *Davison Chemical Corp. v. Hart,* 68 Ga. App. 413, 417 (23 SE2d 107); 4 Jones on Evidence 1884, § 999; 1 Jones on Evidence 367, 368, § 205; 379, § 207; 31 CJS 718, § 110; 20 AmJur 134, § 132; 137, § 134; 144, § 138." *Complete Auto Transit v. Baggett,* 107 Ga. App. 415 (1) (130 SE2d 271). If nothing is introduced to counter the prima facie case, the direction of the verdict is "inevitable." *Mackey v. Mutual Aid &c. Co.,* 94 Ga. 104, 107 (20 SE 643); *Department of Revenue v. Stewart,* 67 Ga. App. 281, 287 (20 SE2d 40); *Lansdale Clothes, Inc. v. Wright,* 217 Ga. 817, 819 (125 SE2d 502).

In my opinion the insurer has shown prima facie a breach of the cooperation clause and its diligence and good faith in seeking to obtain cooperation. The burden therefore shifted to the plaintiff, who is claiming under the policy in the shoes of the insured, to show justification or excuse for the breach. *Wolverine,* supra. There was no such showing made here. For these reasons the trial court erred in directing a verdict for the plaintiff and in denying the garnishee's motion for judgment n.o.v.

Eberhardt, P. J., Deen and Quillian, JJ., concur in this dissent.

PANNELL, Judge, dissenting from Division 1. The trial court should be affirmed in its granting of plaintiff's motion for directed verdict and denial of defendant's motion for judgment notwithstanding the verdict.

This case is on its second appeal to this court, on appeals by the insurer in a garnishment case against it based on a judgment obtained against its insured in an automobile collision action. On the first appeal the insurer sought a summary judgment in its favor because of alleged lack of cooperation on the part of the insured in the defense of the damage action in which the judgment against the insured was obtained. This court affirmed the trial judge on the

first appeal in the denial of the summary judgment, holding in part in the 4th Division of the opinion as follows: "It was shown that the case had been continued prior to the time on which the final trial was held, but when counsel for the insurer learned that the insured was not present, the record does not show that he moved for further continuance in order to serve a 'reservation of rights' notice upon the defendant, but contented himself with advising the trial court that he was reserving his rights to contend the insurance was not effective because of her failure to co-operate. The trial court, however, was not the agent of the insured person, and when an insurance company elects to participate in a trial by defending the action without giving such 'reservation of rights' notice, then it is estopped to later contend the insurance is not effective." *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (4) (181 SE2d 305). On this second appeal the complaint is the overruling of the motion for judgment notwithstanding the verdict. The majority opinion says "At the trial of the case [the garnishment case], additional evidence was introduced which materially changes the results of that decision." Among the so-called changes in the evidence, the following is listed: "It [the insurer] also reiterated that it reserved the right to claim breach of the non-cooperation clause while undertaking defense of the suit. The record shows further that Cotton States did request a continuance when she [the insured] failed to appear the second time [the damage action was called for trial] and it was denied." The majority opinion then concludes that "Since the evidence is substantially different from what appeared on prior review, the former ruling is not the law of the case" and "Therefore the issue of estoppel for failure to serve a reservation rights notice is removed from the case and the only question is whether the insurer acted with diligence and in good faith to obtain the insured's cooperation."

With these statements as to a change in facts and with the conclusion reached therefrom, I am compelled to disagree for the very simple reason that on the question of es-

toppel there has been no material change in the evidence, which in any way or manner affects the ruling on the prior appeal or authorizes the grant of a judgment n.o.v. for the insurer garnishee here. The majority statement of facts infers that a motion to continue the damage action was made for the purpose of serving a reservation of rights notice on the insured defendant in that action. On the contrary, the evidence shows that when the insured failed to appear the second time on the trial of the damage suit after it had been continued once, counsel for the insurer made a motion for continuance because of her absence, but made no motion for continuance for the purpose of notifying the insured of its reservation of right to claim a breach of the cooperation clause. Nor was the insurer confronted with a sudden alternative (which is the only difference claimed by the insurer appellant in its brief), for prior to the trial of the damage action, appellant had written and mailed a letter to the insured saying that if she was not present at the trial they would withdraw from the defense of the damage suit case. How then, can they claim that because of her nonappearnce they were forced to defend the case, or confronted with an emergency decision to defend without notifying the insured, when in fact the insurer had already notified the insured it would not defend under the circumstances? Even if it had been confronted with a sudden or emergency alternative choice, this fact would not in any way affect the ruling on the prior appeal as this very same contention was made at that time. However, there is some additional evidence as to whether a reservation of rights notice was given. This is the letter written by Charles F. Vickers, claims manager of the insurer, to the insured on April 28, 1969, when the insured lived in Oakland, California. The material parts of the letter are as follows: "Mr. Tom Whelchel of Conyers, Fendig, Dickey, Fendig and Whelchel, Attorneys at Law, Brunswick, Georgia, informs me that the litigation pending against you in Camden County, Georgia, is set for trial on May 5, 1969, and that you have been so advised in his phone call to you of last week and that you have been fur-

ther advised that he will meet you and arrange for your stay during the trial of the case.

"I am forwarding to Mr. J. S. Rose, Manager, Brown Brothers Adjusters, 2014 Lakeshore Avenue, Oakland, California, phone 452-3681, by carbon copy of this letter, two of our company's checks in the amount of $333.50 each, representing air and ground transportation for you and your husband to attend the trial in Camden County. The amount of the check represents round trip [fare] and you will be accommodated in Brunswick at our expense.

"We wish you to fully understand that should you fail to attend upon the court in Camden County on May 5, 1969, for the purposes of trial of this case, it is our intention to disclaim any further responsibility in the matter and to withdraw from your defense.

"We advised you at the time of learning of this litigation that we were undertaking your defense strictly upon reservation of our rights and that any action on the part of the company would not waive and should not be construed as a waiver any of the defenses possessed by the company, based upon your failure to cooperate, nor your failure to timely notify the company of the accident and the ensuing litigation. The actions on the part of our company have been taken this far under this understanding and we again reiterate our position.

"Mr. Rose of Brown Brothers Adjusters in Oakland, will deliver to you checks for your transportation."

There is testimony that checks sent to the adjustors in Oakland, California, arrived before the time set for the trial and the checks were delivered to the insured. The writer of the letter testified that other than sending the letter he did not personally make any other reservation of rights or give notice of any kind to the insured. There was no evidence that any other notice or reservation was given. The evidence also disclosed that the letter of April 28th was sent registered mail and "the return receipt was delivered back" to the writer of the letter "stamped by the Post Office in Oakland." The evidence fails to disclose the date

of delivery of the letter, nor was the return receipt introduced in evidence.

What, then, does this evidence prove? It does not prove that any prior reservation of rights was made before this letter was written, and the statement in the letter as to prior notice of reservation of rights is a mere self-serving declaration. The proof submitted does not demand a finding that the insured received the letter itself prior to the time the insurer took action to defend the case upon the actual trial thereof. Since the evidence shows that a copy of the letter of April 28th mailed to the adjustors which included the checks arrived prior to the trial on May 5th, the jury may have been authorized to find that the original letter was received by the insured prior to the act of the insurer in actively defending the damage case upon the trial.

If the letter was a sufficient notice of reservation of rights as to the action of the insurer in subsequently actively participating in the defense of the damage case at the trial, I would, for these reasons and on this issue alone, affirm the trial judge in. refusing to grant the insured garnishees' motion for judgment n.o.v., and would reverse him for directing a verdict in favor of the appellee-plaintiff in fi. fa., for the reason that a jury issue would be involved. However, I am of the opinion that the letter, when properly construed, and even if received by the insured before the trial, did not constitute the notice of such reservation of rights. A close examination and reading of that paragraph of the letter dealing with the reservation shows it refers solely to *past* actions of the insurer and insured and particularly when it then states "we again reiterate our position." That this was the intent and purpose of the letter, is fortified by the fact that in the identical letter the insurer notified the insured that in the event she failed to cooperate by attending the, trial set for May 5, 1969, "it is our intention to disclaim any further responsibility in the matter and to withdraw from the defense." This definite statement that under this circumstance the insurer would withdraw from the defense at the trial, conclusively shows the reservation

of rights "reiterated" did not apply to the action of the insurer in subsequently defending at the trial contrary to its statement in the letter. For these reasons I would affirm the judgment in every respect; that is, the denial of a judgment n.o.v. for the garnishee and the direction of a verdict for the plaintiff in fi. fa.

I am authorized to state that Chief Judge Bell and Judges Evans and Clark concur in this dissent.

Evans, Judge, dissenting from Division 1. The result of the majority holding is that the only burden required of the insurer is to show that it acted with diligence and in good faith in seeking to obtain the insured's cooperation. That not only is in direct contravention of the "law of this case" as established in *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (181 SE2d 305), but is in contravention of the law of this State as established by prior decisions of the Court of Appeals, to wit: *Nat. Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98, 103 (107 SE2d 700); *State Farm Mut. Auto. Ins. Co. v. Wendler,* 117 Ga. App. 227, 231 (160 SE2d 256); *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397, supra; and in particular, it is in direct contravention of an opinion written by Judge Eberhardt, concurred in by Judge Hall, in *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658, 660 (158 SE2d 278), which holds: "The question as to whether the company was reasonably diligent in seeking to obtain information from the insured and *if so, whether the insured's conduct was such as to indicate a purposeful intention to refuse the cooperation to which his insurer was entitled is for resolution by the jury."* (Emphasis supplied.)

Surely, it cannot be successfuly maintained that the insurance company in this case showed a "purposeful intention" on the part of the insured to fail to cooperate.

Further, where an insurer conducts a defense, as was done in this case, without giving notice of reservation of rights, it is obligated thereafter to afford coverage. See *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397, supra; *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181, 185 (78

SE2d 861); *State Farm Mut. &c. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191).

The insurer never gave a notice of reservation of rights to the defendant, but in lieu it mailed a letter to the insured from Brunswick to California, setting up certain self-serving statements, saying that it had previously done so. Of course, self-serving declarations are as hearsay and prove nothing. See *Gay v. Osteen,* 56 Ga. App. 224, 231 (192 SE 539); *Mineola Mill Co. v. Griffin,* 18 Ga. App. 668 (2) (90 SE 360).

Further, although the insurer's attorney mailed this second letter to the insured, and had a return receipt signed by the insured it elected not to introduce said signed receipt in evidence and since there was absolutely no proof that the insured received said letter, with self-serving declaration therein prior to the trial, the "law of the case" as established when this case was before this court earlier (*Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397, supra) is controlling on the principle of law to be applied thereafter. See *Moorman v. Williams,* 107 Ga. App. 640 (2) (131 SE2d 238); *Blackwell v. Southland Butane Gas Co.,* 95 Ga. App. 113 (97 SE2d 191).

The insurance company relies upon the cases of *H. Y. Akers & Sons v. St. Louis Fire &c. Ins. Co.,* 120 Ga. App. 800 (172 SE2d 355) and *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819). Both of these opinions were written by Judge Eberhardt. They must give way to the older cases on this same point and they must likewise give way to opinions concurred in by five judges. See *Code Ann.* § 24-3501 (Ga. L. 1945, p. 232; 1960, pp. 158, 159; 1961, p. 140; 1967, p. 538).

And particularly, should they give way to Judge Eberhardt's earlier opinion in the case of *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658, 660, supra.

I am stating my views here for fear that hereafter some of the attorneys in Georgia may feel that an insurance company can evade its obligation simply by showing that it used reasonable diligence to secure the insured's coopera-

tion to thereby establish he did not cooperate. But, the true law is as Judges Eberhardt, Hall and Felton decided in *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658, 660, supra, to the effect that the insurance company has a burden of showing two things, to wit: that the insurance company was reasonably diligent in seeking to obtain cooperation; and *that the insured's conduct was a purposeful intention to refuse to cooperate.*

In Georgia we have the rule of stare decisis, which means the older case must control until overruled. See *Fidelity-Phenix Ins. Co. v. Mauldin,* 123 Ga. App. 108, 111 (179 SE2d 525); *Croker v. Smith,* 225 Ga. 529, 531 (169 SE2d 787); *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378). Therefore, the following cases will still prevail in Georgia, to wit: *Nat. Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98, 103, supra; *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658, 660, supra; *State Farm Mut. Auto Ins. Co. v. Wendler,* 117 Ga. App. 227, 231, supra; *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397, supra.

For the reasons stated above I dissent from the judgment of reversal. I likewise concur in all that is stated by Judge Pannell in his dissent.